**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach Division)**

**CASE NO. 13-cv-80738-MIDDLEBROOKS/Brannon**

MITSUBISHI ELECTRIC CORP. (alternatively
named MITSUBISHI DENKI KABUSHIKI
KAISHA), KONINKLIJKE PHILIPS N.V.,
THOMSON LICENSING, GE TECHNOLOGY
DEVELOPMENT, INC., PANASONIC
CORPORATION, and SONY
CORPORATION,

                    *Plaintiffs*,

v.

CRAIG ELECTRONICS INC.,

                    *Defendant*.

_____/

**DEFENDANT CRAIG ELECTRONICS INC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant CRAIG ELECTRONICS INC. (hereinafter "Craig"), by and through undersigned counsel, hereby answers Plaintiffs MITSUBISHI ELECTRIC CORP., KONINKLUKE PHILIPS N.V., THOMSON LICENSING, GE TECHNOLOGY DEVELOPMENT, INC., PANASONIC CORPORATION, and SONY CORPORATION (hereinafter collectively "Plaintiffs") Complaint (hereinafter the "Complaint") as follows:

**ANSWER TO THE COMPLAINT**

**PARTIES**

1.      Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, therefore, denies same.

2.      Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies same.

3.      Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, therefore, denies same.

4.      Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, therefore, denies same.

5.      Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, therefore, denies same.

6.      Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, therefore, denies same.

7.      Craig admits the allegations in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

8.      Craig admits that Plaintiffs purport to base this action on the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

9.      Craig admits that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § § 1331 and 1338(a) to the extent Plaintiffs are able to demonstrate a proper claim for patent infringement.

10.     Craig admits the allegations in paragraph 8 of the Complaint.

11.     Craig admits that it is subject to personal jurisdiction in this judicial district, that it is registered to do business in Florida, that it is incorporated in Florida and that it has an agent for service of process in the State of Florida.  Craig also admits that it offers to sell, sells and imports, in this district, products with knowledge that they will be used in this district.  Craig denies all remaining allegations in paragraph 9 of the Complaint.

2

## PATENTS-IN-SUIT

12.     Craig admits that United States Patent No. 7,376,184 ("the '184 patent") as attached to the Complaint as Exhibit 1 is entitled "High-Efficiency Encoder and Video Information Recording/Reproducing Apparatus" and facially indicates that it issued on May 20, 2008. Craig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint, and, on that basis, denies each of them.

13.     Craig admits that United States Patent No. 6,097,759 ("the '759 patent") as attached to the Complaint as Exhibit 2 is entitled "Image Signal Coding System" and facially indicates that it issued on August 1, 2000. Craig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint, and, on that basis, denies each of them.

14.     Craig admits that United States Patent No. 5,606,539 ("the '539 patent") as attached to the Complaint as Exhibit 3 is entitled "Method and Apparatus for Encoding and Decoding an Audio and/or Video Signal, and a Record Carrier for Use with Such Apparatus" and facially indicates that it issued on February 25, 1997. Craig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint, and, on that basis, denies each of them.

15.     Craig admits that United States Patent No. 5,459,789 ("the '789 patent") as attached to the Complaint as Exhibit 4 is entitled "Packet TV Program Component Detector" and facially indicates that it issued on October 17, 1995. Craig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint, and, on that basis, denies each of them.

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

16.     Craig admits that United States Patent No. 5,491,516 ("the '516 patent") as attached to the Complaint as Exhibit 5 is entitled "Field Elimination Apparatus for Video Compression/Decompression System" and facially indicates that it issued on February 13, 1996. Craig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint, and, on that basis, denies each of them.

17.     Craig admits that United States Patent No. 5,784,107 ("the '107 patent") as attached to the Complaint as Exhibit 6 is entitled "Method and Apparatus for Picture Coding and Method and Apparatus for Picture Decoding" and facially indicates that it issued on July 21, 1998. Craig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint, and, on that basis, denies each of them.

18.     Craig admits that United States Patent No. 5,481,553 ("the '553 patent") as attached to the Complaint as Exhibit 7 is entitled "Methods and Apparatus for Preventing Rounding Errors When Transform Coefficients Representing a Motion Picture Signal Are Inversely Transformed" and facially indicates that it issued on January 2, 1996. Craig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint, and, on that basis, denies each of them.

## THE MPEG-2 STANDARD

19.     Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and, therefore, denies same.

20.     Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and, therefore, denies same.

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

21.    Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and, therefore, denies same.

### CRAIG'S PURPORTED INFRINGEMENT

22.    Craig denies that it has committed any acts of patent infringement.  Craig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint and, on that basis, denies each of them.

23.    Craig admits that it offers to sell, sells and imports product that are compliant with the MPEG-2 Standard.  Craig denies the remaining allegations contained in paragraph 23 of the Complaint.

24.    Craig admits that some of its television sets are compliant with the MPEG-2 Standard.  Craig denies the remaining allegations contained to paragraph 24 of the Complaint.

25.    Craig admits that it has sold television sets under model numbers CLC501 and CLC507.  Craig denies that Plaintiffs cannot ascertain without discovery all Craig products with MPEG-2 functionality.  Craig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint, and, on that basis, denies each of them.

26.    Craig denies the allegations contained in paragraph 26 of the Complaint.

27.    Craig admits that it has sold, and sells, to third parties productions that are compliant with the ATSC Standard.  Craig denies the remaining allegations contained in paragraph 27 of the Complaint.

28.    Craig denies the allegations contained in paragraph 28 of the Complaint.

29.    Craig denies that MPEG LA offers the MPEG-2 pool license on fair, reasonable or nondiscriminatory terms.  Craig is without knowledge or information sufficient to form a

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

belief as to the truth of the remaining allegations in paragraph 29 of the Complaint and, therefore, denies same.

30.     Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and, therefore, denies same.

31.     Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and, therefore, denies same.

32.     Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and, therefore, denies same.

33.     Craig admits that it received correspondence from MPEG LA purporting to offer a license to certain patents.  Craig denies the remaining allegations contained in paragraph 33 of the Complaint..

34.     Craig denies that it received any on notice of infringement from Plaintiffs at any time prior to the date Craig was served with the Complaint.  To the extent paragraph 34 of the Complaint contains any further allegations, Craig denies same.

35.     Craig admits that it has not entered into a license for the '184, '759, '539, '789,'516, '107, or '553 patents with any of Plaintiffs  To the extent paragraph 30 of the Complaint contains any further allegations, Craig denies same.

36.     Craig denies the allegations contained in paragraph 36 of the Complaint.

37.     Craig denies the allegations contained in paragraph 37 of the Complaint.

38.     Craig denies the allegations contained in paragraph 38 of the Complaint.

39.     Craig denies the allegations contained in paragraph 39 of the Complaint.

40.     Craig denies the allegations contained in paragraph 40 of the Complaint.

41.     Craig denies the allegations contained in paragraph 41 of the Complaint.

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

## COUNT I
## PURPORTED INFRINGEMENT OF U.S. PATENT NO. 7,376,184

42.     Craig incorporates by reference its answers to the averments of paragraphs 1 through 41 as if fully set forth herein.

43.     Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and, therefore, denies same.

44.     Craig denies the allegations contained in paragraph 44 of the Complaint.

45.     Craig denies the allegations contained in paragraph 45 of the Complaint.

46.     Craig denies the allegations contained in paragraph 46 of the Complaint.

47.     Craig denies the allegations contained in paragraph 47 of the Complaint.

## COUNT II
## PURPORTED INFRINGEMENT OF U.S. PATENT NO. 6,097,759

48.     Craig incorporates by reference its answers to the averments of paragraphs 1 through 41 as if fully set forth herein.

49.     Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and, therefore, denies same.

50.     Craig denies the allegations contained in paragraph 50 of the Complaint.

51.     Craig denies the allegations contained in paragraph 51 of the Complaint.

52.     Craig denies the allegations contained in paragraph 52 of the Complaint.

53.     Craig denies the allegations contained in paragraph 53 of the Complaint.

## COUNT III
## PURPORTED INFRINGEMENT OF U.S. PATENT NO. 5,606,539

54.     Craig incorporates by reference its answers to the averments of paragraphs 1 through 41 as if fully set forth herein.

55.   Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint and, therefore, denies same.

56.   Craig denies the allegations contained in paragraph 56 of the Complaint.

57.   Craig denies the allegations contained in paragraph 57 of the Complaint.

58.   Craig denies the allegations contained in paragraph 58 of the Complaint.

59.   Craig denies the allegations contained in paragraph 59 of the Complaint.

## COUNT IV
## PURPORTED INFRINGEMENT OF U.S. PATENT NO. 5,459,789

60.   Craig incorporates by reference its answers to the averments of paragraphs 1 through 41 as if fully set forth herein.

61.   Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint and, therefore, denies same.

62.   Craig denies the allegations contained in paragraph 62 of the Complaint.

63.   Craig denies the allegations contained in paragraph 63 of the Complaint.

64.   Craig denies the allegations contained in paragraph 64 of the Complaint.

65.   Craig denies the allegations contained in paragraph 65 of the Complaint.

## COUNT V
## PURPORTED INFRINGEMENT OF U.S. PATENT NO. 5,491,516

66.   Craig incorporates by reference its answers to the averments of paragraphs 1 through 41 as if fully set forth herein.

67.   Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint and, therefore, denies same.

68.   Craig denies the allegations contained in paragraph 68 of the Complaint.

69.   Craig denies the allegations contained in paragraph 69 of the Complaint.

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

70.    Craig denies the allegations contained in paragraph 70 of the Complaint.

71.    Craig denies the allegations contained in paragraph 71 of the Complaint.

## COUNT VI
## PURPORTED INFRINGEMENT OF U.S. PATENT NO. 5,784,107

72.    Craig incorporates by reference its answers to the averments of paragraphs 1 through 41 as if fully set forth herein.

73.    Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint and, therefore, denies same.

74.    Craig denies the allegations contained in paragraph 74 of the Complaint.

75.    Craig denies the allegations contained in paragraph 75 of the Complaint.

76.    Craig denies the allegations contained in paragraph 76 of the Complaint.

77.    Craig denies the allegations contained in paragraph 77 of the Complaint.

## COUNT VII
## PURPORTED INFRINGEMENT OF U.S. PATENT NO. 5,481,553

78.    Craig incorporates by reference its answers to the averments of paragraphs 1 through 41 as if fully set forth herein.

79.    Craig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and, therefore, denies same.

80.    Craig denies the allegations contained in paragraph 80 of the Complaint.

81.    Craig denies the allegations contained in paragraph 81 of the Complaint.

82.    Craig denies the allegations contained in paragraph 82 of the Complaint.

83.    Craig denies the allegations contained in paragraph 83 of the Complaint.

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Case No. 13-cv-80738- MIDDLEBROOKS/Brannon

## EXCEPTIONAL CASE

84.     Craig incorporates by reference its answers to the averments of paragraphs 1 through 66 as if fully set forth herein.

85.     Craig denies the allegations contained in paragraph 85 of the Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

Craig states that Plaintiffs prayer for relief does not require a response

Craig denies that Plaintiffs are entitled to any relief whatsoever as prayed or otherwise.

Craig denies each and every allegation of the Complaint not already admitted or denied and further denies that Plaintiffs are entitled to any relief whatsoever from Craig on the basis of any of the purported claims for relief contained in the Complaint.

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Case No. 13-cv-80738- MIDDLEBROOKS/Brannon

## AFFIRMATIVE DEFENSES

For further answer by way of affirmative defenses, Craig respectfully states as follows:

### FIRST AFFIRMATIVE DEFENSE

1.      Craig has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any purportedly valid claim of the '184, '759, '539, '789, '516, '107 and '553 Patents (the "Asserted Patents").

### SECOND AFFIRMATIVE DEFENSE

2.      The Asserted Patents, and each and every claim thereof, are invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation the provisions of 35 U.S.C. §§ 101, 102, 103, 112, and 132, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs' claims for recovery are barred, in whole or in part, by the doctrine of patent exhaustion.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiffs' claims for recovery are barred, in whole or in part, by 35 U.S.C. § 287.

### SIXTH AFFIRMATIVE DEFENSE

6.      Upon information and belief, by reason of prior art and the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of the Asserted Patents, including, without limitation, amendments, representations, concessions, and admissions made by or on behalf of the applicant, Plaintiffs are estopped from

11

asserting that at least some of the claims of the Asserted Patents cover and include any Craig products alleged to infringe the Asserted Patents under the doctrine of equivalents.

### SEVENTH AFFIRMATIVE DEFENSE

7.      On information and belief, Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

8.      On information and belief, Plaintiffs' claims for recovery are barred, in whole or in part, by the doctrine of express license and/or implied license for reasons including, without limitation, that Plaintiffs are barred from asserting claims of infringement of one or more of the Asserted Patents against Craig under the MPEG LA MPEG-2 Patent Portfolio License and the MPEG LA Agreement Among Licensors.

### NINTH AFFIRMATIVE DEFENSE

9.      One or more of the Asserted Patents are unenforceable due to, and Plaintiffs' claims against Craig for infringement of the Asserted Patents are barred in whole or in part by, the equitable doctrine of prosecution laches.

### TENTH AFFIRMATIVE DEFENSE

10.     Plaintiffs have not suffered and will not suffer any injury or damages by way to the acts and conduct alleged in its Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiffs are not entitled to equitable relief because they have an adequate remedy at law.

Case No. 13-cv-80738- MIDDLEBROOKS/Brannon

### TWELFTH AFFIRMATIVE DEFENSE

12.     On information and belief, Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     On information and belief, Plaintiffs', or an agent of the Plaintiffs', acts or omissions caused any alleged infringement by Craig.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     On information and belief, Plaintiffs are not entitled to recovery based on *violenti non fit injuria*, or that "he who suffers damage through his own fault has no right to complain of it."

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     On information and belief, Plaintiffs' claims are barred, in whole or in part, by waiver.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     On information and belief, one or more of the Asserted Patents is not essential to the MPEG-2 standard.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiffs do not offer licenses to the Asserted Patents on fair, reasonable and nondiscriminatory terms and therefore the Plaintiffs are not entitled to any recovery.

Craig reserves the right to amend its Answer to include additional affirmative defenses as warranted by facts discovered during litigation.

### <u>DEMAND FOR JURY TRIAL</u>

Craig demands a trial by jury on all issues so triable.

13

Case No. 13-cv-80738- MIDDLEBROOKS/Brannon

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, CRAIG ELECTRONICS INC. respectfully requests that this court enter a judgment in its favor and against Plaintiffs and grant relief as follows:

A.    That Plaintiffs recover nothing and that their Complaint be dismissed with prejudice;

B.    Declaring the Asserted Patents invalid and unenforceable;

C.    Declaring the Asserted Patents have not been infringed by Craig;

D.    Dismissing Plaintiffs' Complaint with prejudice;

E.    Awarding recovery of Craig's costs in defending the instant lawsuit, including reasonable attorneys' fees;

F.    Granting such further and other relief as the Court deems just and proper.

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

## COUNTERCLAIM

Defendant CRAIG ELECTRONICS INC. (hereinafter "Craig"), by and through undersigned counsel, hereby files its Counterclaim against Plaintiffs MITSUBISHI ELECTRIC CORP. (hereinafter "Mitsubishi"), KONINKLIJKE PHILIPS N.V. (hereinafter "Philips"), THOMSON LICENSING (hereinafter "Thomson"), GE TECHNOLOGY DEVELOPMENT, INC. ("GE"), PANASONIC CORPORATION (hereinafter "Panasonic"), and SONY CORPORATION (hereinafter "Sony") (hereinafter collectively "Plaintiffs") seeking declaratory judgments under the declaratory judgment act, 28 U.S.C. §§ 2201 and 2202, hereby alleges as follows:

### JURISDICTION AND VENUE

1.      This action arises under the Patent Act of 1952, 35 U.S.C. §§ 1, et seq., as amended, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

2.      This Court has exclusive original jurisdiction over the subject matter of this action.  Exclusive jurisdiction for any action arising under any Act of Congress relating to patents is conferred on U.S. district courts pursuant to 28 U.S.C. § 1338(a).

3.      This Court has personal jurisdiction over Mitsubishi because Mitsubishi conducts business in and maintains substantial contacts with the State of Florida.  Further, Mitsubishi has purposefully availed itself to commercial activities in this forum and this Counterclaim arises out of those activities.

4.      This Court has personal jurisdiction over Philips because Philips conducts business in and maintains substantial contacts with the State of Florida.  Further, Philips has purposefully availed itself to commercial activities in this forum and this Counterclaim arises out of those activities.

5.      This Court has personal jurisdiction over Thomson because Thomson conducts business in and maintains substantial contacts with the State of Florida.  Further, Thomson has

purposefully availed itself to commercial activities in this forum and this Counterclaim arises out of those activities.

6.      This Court has personal jurisdiction over GE because GE conducts business in and maintains substantial contacts with the State of Florida.  Further, GE has purposefully availed itself to commercial activities in this forum and this Counterclaim arises out of those activities.

7.      This Court has personal jurisdiction over Panasonic because Panasonic conducts business in and maintains substantial contacts with the State of Florida.  Further, Panasonic has purposefully availed itself to commercial activities in this forum and this Counterclaim arises out of those activities.

8.      This Court has personal jurisdiction over Sony because Sony conducts business in and maintains substantial contacts with the State of Florida.  Further, Sony has purposefully availed itself to commercial activities in this forum and this Counterclaim arises out of those activities.

9.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), because a substantial part of the events giving rise to the counterclaim alleged herein occurred in this District and Mitsubishi, Philips, Thomson, GE, Panasonic, and Sony conduct business in this District.

## THE PARTIES

10.      Craig is a Florida Corporation with its principal place of business in Miami Gardens, Florida.

11.      Upon information and belief based solely on Paragraph 1 of the Complaint, Mitsubishi is a Japanese corporation with its principal place of business in Tokyo, Japan.

12.      Upon information and belief based solely on Paragraph 2 of the Complaint, Philips is a Netherlands corporation with its principal place of business in Amsterdam, The Netherlands.

13.     Upon information and belief based solely on Paragraph 3 of the Complaint, Thomson is a French corporation with its principal place of business in Issy-les-Moulineaux, France.

14.     Upon information and belief based solely on Paragraph 4 of the Complaint, GE is a Delaware corporation with its principal place of business in Albany, New York.

15.     Upon information and belief based solely on Paragraph 5 of the Complaint, Panasonic is a Japanese Corporation with its principal place of business in Osaka, Japan.

16.     Upon information and belief based solely on Paragraph 6 of the Complaint, Sony is a Japanese Corporation with its principal place of business in Tokyo, Japan.

## FACTUAL ALLEGATIONS

17.     Upon information and belief based solely on paragraph 12 of the Complaint, on or about May 20, 2008 United States Patent No. 7,376,184, entitled "High-Efficiency Encoder and Video Information Recording/Reproducing Apparatus," was issued (hereinafter "the '184 patent").

18.     Upon information and belief based solely on paragraph 43 of the Complaint, Mitsubishi purports to be the owner by assignment of the '184 Patent.

19.     Upon information and belief based solely on paragraph 13 of the Complaint, on or about August 1, 2000 United States Patent No. 6,097,759, entitled "Image Signal Coding System," was issued (hereinafter "the '759 patent").

20.     Upon information and belief based solely on paragraph 49 of the Complaint, Mitsubishi purports to be the owner by assignment of the '759 Patent.

21.     Upon information and belief based solely on paragraph 14 of the Complaint, on or about February 25, 1997 United States Patent No. 5,606,539, entitled "Method and Apparatus for Encoding and Decoding an Audio and/or Video Signal, and a Record Carrier for Use with Such Apparatus," was issued (hereinafter "the '539 patent").

22.     Upon information and belief based solely on paragraph 55 of the Complaint, Philips purports to be the owner by assignment of the '539 Patent.

23.     Upon information and belief based solely on paragraph 15 of the Complaint, on or about October 17, 1995 United States Patent No. 5,459,789, entitled "Packet TV Program Component Detector," was issued (hereinafter "the '789 patent").

24.     Upon information and belief based solely on paragraph 61 of the Complaint, Thomson purports to be the owner by assignment of the '789 Patent.

25.     Upon information and belief based solely on paragraph 16 of the Complaint, on or about February 13, 1996 United States Patent No. 5,497,516, entitled "Field Elimination Apparatus for a Video Compression/Decompression System," was issued (hereinafter "the '516 patent").

26.     Upon information and belief based solely on paragraph 67 of the Complaint, GE purports to be the owner by assignment of the '516 Patent.

27.     Upon information and belief based solely on paragraph 17 of the Complaint, on or about July 21, 1998 United States Patent No. 5,784,107, entitled "Method and Apparatus for Picture Coding and Method and Apparatus for Picture Decoding," was issued (hereinafter "the '107 patent").

28.     Upon information and belief based solely on paragraph 73 of the Complaint, Philips purports to be the owner by assignment of the '107 Patent.

29.     Upon information and belief based solely on paragraph 16 of the Complaint, on or about January 2, 1996 United States Patent No. 5,481,553, entitled "Methods and Apparatus for Preventing Rounding Errors When Transform Coefficients Representing a Motion Picture Signal Are Inversely Transformed," was issued (hereinafter "the '553 patent").

30.     Upon information and belief based solely on paragraph 79 of the Complaint, Sony purports to be the owner by assignment of the '553 Patent.

31.     On June 4, 2013, Plaintiffs filed the Complaint in this action alleging infringement of the '184, '759, '539, '789, '516, '107, and '553 Patents by Craig.  See [D.N. 1]

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT '184**

32.      Craig realleges and incorporate by reference paragraphs 1 through 31 of this Counterclaim as if fully set forth herein.

33.     This is an action for a declaratory judgment of non-infringement by Craig of the '184 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

34.     Plaintiffs have alleged that Craig directly infringes, indirectly infringes by inducement, literally and/or under the doctrine of equivalents, the '184 Patent.

35.     The filing of this action by Plaintiffs, and Craig's First Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '184 Patent.

36.     Craig seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe any claim of the '184 Patent.

**COUNT II**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT '759**

37.      Craig realleges and incorporate by reference paragraphs 1 through 31 of this Counterclaim as if fully set forth herein.

38.     This is an action for a declaratory judgment of non-infringement by Craig of the '759 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

39.     Plaintiffs have alleged that Craig directly infringes, indirectly infringes by inducement, literally and/or under the doctrine of equivalents, the '759 Patent.

40.     The filing of this action by Plaintiffs, and Craig's First Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '759 Patent.

41.     Craig seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe any claim of the '759 Patent.

19

Case No. 13-cv-80738- MIDDLEBROOKS/Brannon

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT '539

42.     Craig realleges and incorporate by reference paragraphs 1 through 31 of this Counterclaim as if fully set forth herein.

43.     This is an action for a declaratory judgment of non-infringement by Craig of the '539 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

44.     Plaintiffs have alleged that Craig directly infringes, indirectly infringes by inducement, literally and/or under the doctrine of equivalents, the '539 Patent.

45.     The filing of this action by Plaintiffs, and Craig's First Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '539 Patent.

46.     Craig seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe any claim of the '539 Patent.

## COUNT IV
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT '789

47.     Craig realleges and incorporate by reference paragraphs 1 through 31 of this Counterclaim as if fully set forth herein.

48.     This is an action for a declaratory judgment of non-infringement by Craig of the '789 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

49.     Plaintiffs have alleged that Craig directly infringes, indirectly infringes by inducement, literally and/or under the doctrine of equivalents, the '789 Patent.

50.     The filing of this action by Plaintiffs, and Craig's First Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '789 Patent.

51.     Craig seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe any claim of the '789 Patent.

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

## COUNT V
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT '516

52.      Craig realleges and incorporate by reference paragraphs 1 through 31 of this Counterclaim as if fully set forth herein.

53.     This is an action for a declaratory judgment of non-infringement by Craig of the '516 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

54.     Plaintiffs have alleged that Craig directly infringes, indirectly infringes by inducement, literally and/or under the doctrine of equivalents, the '516 Patent.

55.     The filing of this action by Plaintiffs, and Craig's First Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '516 Patent.

56.     Craig seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe any claim of the '516 Patent.

## COUNT VI
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT '107

57.      Craig realleges and incorporate by reference paragraphs 1 through 31 of this Counterclaim as if fully set forth herein.

58.     This is an action for a declaratory judgment of non-infringement by Craig of the '107 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

59.     Plaintiffs have alleged that Craig directly infringes, indirectly infringes by inducement, literally and/or under the doctrine of equivalents, the '107 Patent.

60.     The filing of this action by Plaintiffs, and Craig's First Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '107 Patent.

61.     Craig seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe any claim of the '107 Patent.

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

## COUNT VII
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT '553

62.     Craig realleges and incorporate by reference paragraphs 1 through 31 of this Counterclaim as if fully set forth herein.

63.     This is an action for a declaratory judgment of non-infringement by Craig of the '553 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

64.     Plaintiffs have alleged that Craig directly infringes, indirectly infringes by inducement, literally and/or under the doctrine of equivalents, the '553 Patent.

65.     The filing of this action by Plaintiffs, and Craig's First Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '553 Patent.

66.     Craig seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe any claim of the '553 Patent.

## PRAYER FOR RELIEF

WHEREFORE, CRAIG ELECTRONICS INC. denies that PLAINTIFFS are entitled to any relief, including the relief requested by it in its Prayer for Relief.  CRAIG ELECTRONICS INC. respectfully requests that this Court enter a judgment against PLAINTIFFS and in favor of CRAIG ELECTRONICS INC.:

A.  Finding that Craig Electronics, Inc. has not infringed the '184 Patent;

B.  Finding that Craig Electronics, Inc. has not infringed the '759 Patent;

C.  Finding that Craig Electronics, Inc. has not infringed the '539 Patent;

D.  Finding that Craig Electronics, Inc. has not infringed the '789 Patent;

E.  Finding that Craig Electronics, Inc. has not infringed the '516 Patent;

F.  Finding that Craig Electronics, Inc. has not infringed the '107 Patent;

G.  Finding that Craig Electronics, Inc. has not infringed the '553 Patent;

H.  Finding that this case is exceptional, and that Craig Electronics, Inc. be awarded reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

I.  Finding that Craig Electronics, Inc. is entitled to costs;

22

Case No. 13-cv-80738- MIDDLEBROOKS/Brannon

J.   Dismissing Plaintiffs' Complaint with prejudice;

K.   Denying any damages or injunctive relief to Plaintiffs; and

L.   Awarding Craig Electronics, Inc. all other legal and equitable relief as the Court deems just and proper.

Date:   August 26, 2013                    Respectfully submitted,

                                           **LOTT & FISCHER, PL**

                                           s/ Ury Fischer
                                           Ury Fischer
                                           Florida Bar No. 048534
                                           E-mail: UFischer@lottfischer.com
                                           Leslie J. Lott
                                           Florida Bar No. 182196
                                           E-mail: LJLott@lottfischer.com
                                           Adam Diamond
                                           Florida Bar No. 091008
                                           E-mail: ADiamond@lottfischer.com
                                           355 Alhambra Circle, Suite 1100
                                           Coral Gables, FL 33134
                                           Telephone: (305) 448-7089
                                           Facsimile: (305) 446-6191

                                           *Attorneys for Defendant Craig Electronics Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

        I HEREBY CERTIFY that on August 26, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                           s/ Ury Fischer
                                           Ury Fischer

Case No. 13-cv-80738- MIDDLEBROOKS/Brannon

## SERVICE LIST

*Mitsubishi Electric Corp., et al. v. Craig Electronics Inc.*
**United States District Court, Southern District of Florida**
**West Palm Beach Division**

**Case No. 13-cv-80738- MIDDLEBROOKS/Brannon**

Service via CM/ECF generated Notices of Electronic Filing:

**PROSKAUER ROSE LLP**
Matthew H. Triggs
Florida Bar No. 865745
E-mail: mtriggs@proskauer.com
Payal Salsburg
Florida Bar No. 057038
E-mail: psalsburg@proskauer.com
One Boca Place
2255 Glades Road
Suite 421 Atrium
Boca Raton, FL 33431-7360
Telephone: (561) 241-7400
Facsimile: (561) 241-7145

**PROSKAUER ROSE LLP**
Steven M. Bauer
E-mail: sbauer@proskauer.com
(Admitted *Pro Hac Vice*)
Justin J. Daniels
E-mail: jdaniels@proskauer.com
(Admitted *Pro Hac Vice*)
One International Place
Boston, MA 02110
Telephone: (617) 526-9600
Facsimile: (617) 526-9899

*Attorneys for Plaintiffs*
*Zenith Electronics LLC, Panasonic Corporation,*
*U.S. Philips Corporation, and The Trustees of the*
*Columbia University in the City of New York*

24