**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-cv-80738-MIDDLEBROOKS/Brannon**
(consolidated for pretrial)

| | |
|---|---|
| MITSUBISHI ELECTRIC CORP. (alternatively named MITSUBISHI DENKI KABUSHIKI KAISHA), KONINKLIJKE PHILIPS N.V, THOMSON LICENSING, GE TECHNOLOGY DEVELOPMENT, INC., PANASONIC CORPORATION, and SONY CORPORATION, | |
| *Plaintiffs*, | Civil Action No. 9:13-cv-80738-DMM |
| v. | JURY TRIAL DEMANDED |
| CRAIG ELECTRONICS INC., | |
| *Defendant*. | |
| MITSUBISHI ELECTRIC CORP. (alternatively named MITSUBISHI DENKI KABUSHIKI KAISHA), KONINKLIJKE PHILIPS N.V., THOMSON LICENSING, GE TECHNOLOGY DEVELOPMENT, INC., PANASONIC CORPORATION, and SONY CORPORATION, | |
| *Plaintiffs*, | Civil Action No. 9:13-cv-80739-DMM |
| v. | JURY TRIAL DEMANDED |
| CURTIS INTERNATIONAL LTD., | |
| *Defendant*. | |
| MITSUBISHI ELECTRIC CORP. (alternatively named MITSUBISHI DENKI KABUSHIKI KAISHA), KONINKLIJKE PHILIPS N.V, THOMSON LICENSING, GE TECHNOLOGY DEVELOPMENT, INC., PANASONIC CORPORATION, and SONY CORPORATION, | |
| *Plaintiffs*, | Civil Action No. 9:13-cv-80743-DMM |
| v. | JURY TRIAL DEMANDED |

| | |
|---|---|
| VIEWSONIC CORPORATION (alternatively named VIEWSONIC DISPLAY CO.), <br><br>    *Defendant*. <br><br> MITSUBISHI ELECTRIC CORP. (alternatively named MITSUBISHI DENKI KABUSHIKI KAISHA), KONINKLIJKE PHILIPS N.V., and THOMSON LICENSING, <br><br>    *Plaintiffs*, <br><br> v. <br><br> MOTOROLA MOBILITY LLC, <br><br>    *Defendant*. | Civil Action No. 9:13-cv-80745-DMM <br><br> JURY TRIAL DEMANDED |

# PLAINTIFFS' ANSWER TO CRAIG ELECTRONICS INC.' AMENDED COUNTERCLAIMS
(Case No. 9:13-cv-80738-DMM)

  Plaintiffs Mitsubishi Electric Corp. (alternatively named Mitsubishi Denki Kabushiki Kaisha) ("Mitsubishi"), Koninklijke Philips N.V. ("Philips"), Thomson Licensing ("Thomson"), GE Technology Development, Inc. ("GE"), Panasonic Corporation ("Panasonic"), and Sony Corporation ("Sony") (together, "Plaintiffs") answer the Amended Counterclaims of Defendant Craig Electronics Inc. ("Craig") as follows:

## JURISDICTION AND VENUE

  1. Plaintiffs admit that Craig purports to base these purported Amended Counterclaims on the Patent Act of 1952, 35 U.S.C. § 1, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

  2. Plaintiffs admit that this Court has jurisdiction over the subject matter of these purported Amended Counterclaims under 28 U.S.C. § 1338(a).

  3. Plaintiffs admit that Mitsubishi is subject to personal jurisdiction in this District for purposes of these purported Amended Counterclaims. Plaintiffs are without knowledge or

2

3.

4.     Plaintiffs admit that Philips is subject to personal jurisdiction in this District for purposes of these purported Amended Counterclaims. Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4.

5.     Plaintiffs admit that Thomson is subject to personal jurisdiction in this District for purposes of these purported Amended Counterclaims. Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5.

6.     Plaintiffs admit that GE is subject to personal jurisdiction in this District for purposes of these purported Amended Counterclaims. Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6.

7.     Plaintiffs admit that Panasonic is subject to personal jurisdiction in this District for purposes of these purported Amended Counterclaims. Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7.

8.     Plaintiffs admit that Sony is subject to personal jurisdiction in this District for purposes of these purported Amended Counterclaims. Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8.

information sufficient to form a belief about the truth of the remaining allegations in Paragraph

9. Plaintiffs admit that Craig claims that a substantial part of the events giving rise to these purported Amended Counterclaims occurred in this District. No answer is required to the remaining allegations in Paragraph 9, which merely purport to state conclusions of law.

## THE PARTIES

10. Upon information and belief, Plaintiffs admit the allegations in Paragraph 10.

11. Plaintiffs admit the allegation in Paragraph 11.

12. Plaintiffs admit the allegation in Paragraph 12.

13. Plaintiffs admit the allegation in Paragraph 13.

14. Plaintiffs admit the allegation in Paragraph 14.

15. Plaintiffs admit the allegation in Paragraph 15.

16. Plaintiffs admit the allegation in Paragraph 16.

## FACTUAL ALLEGATIONS

17. Plaintiffs admit the allegation in Paragraph 17.

18. Plaintiffs admit the allegation in Paragraph 18.

19. Plaintiffs admit the allegation in Paragraph 19.

20. Plaintiffs admit the allegation in Paragraph 20.

21. Plaintiffs admit the allegation in Paragraph 21.

22. Plaintiffs admit the allegation in Paragraph 22.

23. Plaintiffs admit the allegation in Paragraph 23.

24. Plaintiffs admit the allegation in Paragraph 24.

25. Plaintiffs admit the allegation in Paragraph 25.

26. Plaintiffs admit the allegation in Paragraph 26.

27. Plaintiffs admit the allegation in Paragraph 27.

28. Plaintiffs admit the allegations in Paragraph 28.

29. Plaintiffs admit the allegations in Paragraph 29.

30. Plaintiffs admit the allegation in Paragraph 30.

31. Plaintiffs admit the allegation in Paragraph 31.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT '184

32. Plaintiffs hereby incorporate their answers to the allegations in paragraphs 1 through 31, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

33. Plaintiffs admit that Craig purports to base this Amended Counterclaim on 28 U.S.C. §§ 2201 and 2202.

34. Plaintiffs admit the allegation in Paragraph 34.

35. Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Craig of U.S. Patent No. 7,376,184. No answer is required to the remaining allegations in Paragraph 35, which merely purport to state conclusions of law. To the extent a response is required, Plaintiffs deny each and every one of such allegations.

36. Plaintiffs admit that Craig purports to seek declaratory relief in paragraph 36, but deny that Craig is entitled to such relief.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT '759

37. Plaintiffs hereby incorporate their answers to the allegations in paragraphs 1 through 31, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

38.     Plaintiffs admit that Craig purports to base this Amended Counterclaim on 28 U.S.C. §§ 2201 and 2202.

39.     Plaintiffs admit the allegation in Paragraph 39.

40.     Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Craig of U.S. Patent No. 6,097,759.  No answer is required to the remaining allegations in Paragraph 40, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

41.     Plaintiffs admit that Craig purports to seek declaratory relief in paragraph 41, but deny that Craig is entitled to such relief.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT '539

42.     Plaintiffs hereby incorporate their answers to the allegations in paragraphs 1 through 31, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

43.     Plaintiffs admit that Craig purports to base this Amended Counterclaim on 28 U.S.C. §§ 2201 and 2202.

44.     Plaintiffs admit the allegation in Paragraph 44.

45.     Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Craig of U.S. Patent No. 5,606,539.  No answer is required to the remaining allegations in Paragraph 45, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

46.     Plaintiffs admit that Craig purports to seek declaratory relief in paragraph 46, but deny that Craig is entitled to such relief.

## COUNT IV
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT '789

47.     Plaintiffs hereby incorporate their answers to the allegations in paragraphs 1 through 31, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

48.     Plaintiffs admit that Craig purports to base this Amended Counterclaim on 28 U.S.C. §§ 2201 and 2202.

49.     Plaintiffs admit the allegation in Paragraph 49.

50.     Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Craig of U.S. Patent No. 5,459,789.  No answer is required to the remaining allegations in Paragraph 50, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

51.     Plaintiffs admit that Craig purports to seek declaratory relief in paragraph 51, but deny that Craig is entitled to such relief.

## COUNT V
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT '516

52.     Plaintiffs hereby incorporate their answers to the allegations in paragraphs 1 through 31, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

53.     Plaintiffs admit that Craig purports to base this Amended Counterclaim on 28 U.S.C. §§ 2201 and 2202.

54.     Plaintiffs admit the allegation in Paragraph 54.

55.     Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Craig of U.S. Patent No. 5,491,516.  No answer is required to the

remaining allegations in Paragraph 55, which merely purport to state conclusions of law. To the extent a response is required, Plaintiffs deny each and every one of such allegations.

56. Plaintiffs admit that Craig purports to seek declaratory relief in paragraph 56, but deny that Craig is entitled to such relief.

## COUNT VI
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT '107

57. Plaintiffs hereby incorporate their answers to the allegations in paragraphs 1 through 31, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

58. Plaintiffs admit that Craig purports to base this Amended Counterclaim on 28 U.S.C. §§ 2201 and 2202.

59. Plaintiffs admit the allegation in Paragraph 59.

60. Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Craig of U.S. Patent No. 5,784,107. No answer is required to the remaining allegations in Paragraph 60, which merely purport to state conclusions of law. To the extent a response is required, Plaintiffs deny each and every one of such allegations.

61. Plaintiffs admit that Craig purports to seek declaratory relief in paragraph 61, but deny that Craig is entitled to such relief.

## COUNT VII
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT '553

62. Plaintiffs hereby incorporate their answers to the allegations in paragraphs 1 through 31, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

63. Plaintiffs admit that Craig purports to base this Amended Counterclaim on 28 U.S.C. §§ 2201 and 2202.

64. Plaintiffs admit the allegation in Paragraph 64.

65. Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Craig of U.S. Patent No. 5,481,553.  No answer is required to the remaining allegations in Paragraph 65, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

66. Plaintiffs admit that Craig purports to seek declaratory relief in paragraph 66, but deny that Craig is entitled to such relief.

The remainder of the Amended Counterclaims constitutes Craig's prayer for relief, to which no response is required.  To the extent a response is required, Plaintiffs specifically deny that Craig is entitled to any relief whatsoever. All allegations not specifically admitted to by Plaintiffs in this Answer are denied.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs deny that Craig is entitled to any relief, including the relief requested by it in its Prayer for Relief.  Plaintiffs respectfully request that this Court enter judgment against Craig and in favor of Plaintiffs:

(a) Denying all relief requested by Craig;

(b) Dismissing all of Craig's Amended Counterclaims, with prejudice;

(c) Declaring that Craig has infringed U.S. Patent Nos. 7,376,184, 6,097,759, 5,606,539, 5,459,789, 5,491,516, 5,784,107 and 5,481,553;

(d) Awarding Plaintiffs damages adequate to compensate for Craig's infringing activities, including supplemental damages for any post-verdict infringement up until entry of the final judgment with an accounting as needed, together with prejudgment and post-judgment interest on the damages awarded; all of the damages to be enhanced in an amount up to treble the amount of compensatory damages as justified under 35 U.S.C. § 284;

(e) Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable costs and expenses of litigation, including attorneys' and experts' fees;

(f) Entering judgment against Craig and in favor of Plaintiffs in all respects; and

(g) Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Dated: October 4, 2013

Respectfully submitted,

PROSKAUER ROSE LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, FL 33431
Telephone: (561) 241-7400
Facsimile:  (561) 241-7145

/s/ *Payal Salsburg*
Matthew Triggs
Florida Bar No. 0865745
mtriggs@proskauer.com
Payal Salsburg
Florida Bar No. 0057038
psalsburg@proskauer.com

PROSKAUER ROSE LLP
Steven M. Bauer (*pro hac* vice)
Justin J. Daniels (*pro hac* vice)
One International Place
Boston, MA 02110
(617) 526-9600

*Attorneys for Plaintiffs*

**Certificate of Service**

I hereby certify that on this 4th day of October, 2013 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Payal Salsburg*
Payal Salsburg


**SERVICE LIST**
Ury Fischer
Leslie J. Lott
Adam Diamond
Lott & Fischer
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134-1098
Tel: 305-448-7089
Fax: 305-446-6191

*Counsel for Craig Electronics Inc.*