**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
Case No. 13-CV-80738-DMM (Consolidated For Pretrial)

| | |
|---|---|
| **MITSUBISHI ELECTRIC CORP. (alternatively named MITSUBISHI DENKI KABUSHIKI KAISHA), KONINKLIJKE PHILIPS N.V., THOMSON LICENSING, GE TECHNOLOGY DEVELOPMENT, INC., PANASONIC CORPORATION, and SONY CORPORATION,** | Case No. 13-CV-80738-DMM |
| *Plaintiffs,* | **JURY TRIAL DEMANDED** |
| v. | |
| **CRAIG ELECTRONICS INC.,** | |
| *Defendant.* | |
| **MITSUBISHI ELECTRIC CORP. (alternatively named MITSUBISHI DENKI KABUSHIKI KAISHA), KONINKLIJKE PHILIPS N.V., THOMSON LICENSING, GE TECHNOLOGY DEVELOPMENT, INC., PANASONIC CORPORATION, and SONY CORPORATION,** | **Case No.** 3-CV-80739-DMM |
| *Plaintiffs,* | **JURY TRIAL DEMANDED** |
| v. | |
| **CURTIS INTERNATIONAL LTD.,** | |
| *Defendant.* | |
| **MITSUBISHI ELECTRIC CORP. (alternatively named MITSUBISHI DENKI KABUSHIKI KAISHA), KONINKLIJKE PHILIPS N.V., THOMSON LICENSING, GE TECHNOLOGY DEVELOPMENT, INC., PANASONIC CORPORATION, and SONY CORPORATION,** | **Case No.** 13-CV-80743-DMM |
| *Plaintiffs,* | **JURY TRIAL DEMANDED** |
| v. | |
| **VIEWSONIC CORPORATION (alternatively named VIEWSONIC DISPLAY CO.)** | |
| *Defendant.* | |

<table>
<tr><td>

**MITSUBISHI ELECTRIC CORP. (alternatively named MITSUBISHI DENKI KABUSHIKI KAISHA), KONINKLIJKE PHILIPS N.V., THOMSON LICENSING, GE TECHNOLOGY DEVELOPMENT, INC., PANASONIC CORPORATION, and SONY CORPORATION,**

    *Plaintiffs,*

**v.**

**VIEWSONIC CORPORATION (alternatively named VIEWSONIC DISPLAY CO.)**

    *Defendant.*

</td><td>

**Case No.** 13-CV-80745-DMM

**JURY TRIAL DEMANDED**

</td></tr>
</table>

### DEFENDANT CURTIS INTERNATIONAL, LTD.'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFFS' COMPLAINT

## (CASE NO. 9:13-CV-80739-DMM ONLY)

Defendant Curtis International, Ltd. ("Curtis"), by and through its undersigned counsel, hereby submits its answer and affirmative defenses in response to each of the numbered paragraphs included in the Complaint filed by Plaintiffs Mitsubishi Electric Corp. (alternatively named Mitsubishi Denki Kabushiki Kaisha) ("Mitsubishi"), Koninklijke Philips N.V. ("Koninklijke"), Thomson Licensing ("Thomson"), GE Technology Development, Inc. ("GE"), Panasonic Corporation ("Panasonic"), and Sony Corporation ("Sony") (collectively, "Plaintiffs"), in the above-captioned action.

## PARTIES

1.      With respect to paragraph 1 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, and therefore denies the same.

2.      With respect to paragraph 2 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, and therefore denies the same.

3.      With respect to paragraph 3 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, and therefore denies the same.

4.      With respect to paragraph 4 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, and therefore denies the same.

5.      With respect to paragraph 5 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, and therefore denies the same.

6.      With respect to paragraph 6 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6, and therefore denies the same.

7.      With respect to paragraph 7 of the Complaint, Curtis admits that it is organized under the laws of Ontario, Canada, and further admits that its principal place of business is located in Toronto, Ontario, Canada.

## JURISDICTION AND VENUE

8.      With respect to paragraph 8 of the Complaint, Curtis admits that Plaintiffs' Complaint purports to arise under the Patent Laws of the United States, United States Code, Title 35, § 1, et seq.  Curtis denies that Plaintiffs are entitled to any relief arising thereunder, and further denies all remaining allegations in paragraph 8 of the Complaint.

9.      With respect to paragraph 9 of the Complaint, Curtis admits that this Court has subject matter jurisdiction over actions arising under the Patent Laws of the United States under 28 U.S.C. §§ 1331 and 1338(a), but denies that Plaintiffs are entitled to any relief arising thereunder, and denies all remaining allegations in paragraph 9 of the Complaint.

10.     Curtis denies the allegations set forth in paragraph 10 of the Complaint.

11.     Curtis denies the allegations set forth in paragraph 11 of the Complaint.

## PATENTS-IN-SUIT

12.     With respect to paragraph 12 of the Complaint, Curtis admits that Plaintiffs have attached a copy of United States Patent No. 7,376,184 ("the '184 patent") to the Complaint as Exhibit 1.  Curtis admits that the '184 patent issued on May 20, 2008, and is entitled "High-Efficiency Encoder and Video Information Recording/Reproducing Apparatus."  Curtis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint, and therefore denies the same.

13.     With respect to paragraph 13 of the Complaint, Curtis admits that Plaintiffs have attached a copy of United States Patent No. 6,097,759 ("the '759 patent") to the Complaint as Exhibit 2.  Curtis admits that the '759 patent issued on August 1, 2000, and is entitled "Image Signal Coding System."  Curtis lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in paragraph 13 of the Complaint, and therefore denies the same.

14.     With respect to paragraph 14 of the Complaint, Curtis admits that Plaintiffs have attached a copy of United States Patent No. 5,606,539 ("the '539 patent") to the Complaint as Exhibit 3.  Curtis admits that the '539 patent was reissued on February 25, 1997, and is entitled "Method and Apparatus for Encoding and Decoding an Audio and/or Video Signal, and a Record Carrier for Use with Such Apparatus."  Curtis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint, and therefore denies the same.

15.     With respect to paragraph 15 of the Complaint, Curtis admits that Plaintiffs have attached a copy of United States Patent No. 5,459,789 ("the '789 patent") to the Complaint as Exhibit 4.  Curtis admits that the '789 patent issued on October 17, 1995, and is entitled "Packet TV Program Component Detector."  Curtis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint, and therefore denies the same.

16.     With respect to paragraph 16 of the Complaint, Curtis admits that Plaintiffs have attached a copy of United States Patent No. 5,491,516 ("the '516 patent") to the Complaint as Exhibit 5.  Curtis admits that the '516 patent issued on February 13, 1996, and is entitled "Field Elimination Apparatus for a Video Compression/Decompression System." Curtis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint, and therefore denies the same.

17.     With respect to paragraph 17 of the Complaint, Curtis admits that Plaintiffs have attached a copy of United States Patent No. 5,784,107 ("the '107 patent") to the Complaint as

Exhibit 6.  Curtis admits that the '107 patent issued on July 21, 1998, and is entitled "Method and Apparatus for Picture Coding and Method and Apparatus for Picture Decoding."  Curtis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint, and therefore denies the same.

18.     With respect to paragraph 18 of the Complaint, Curtis admits that Plaintiffs have attached a copy of United States Patent No. 5,481,553 ("the '553 patent") to the Complaint as Exhibit 7.  Curtis admits that the '553 patent issued on January 2, 1996, and is entitled "Methods and Apparatus for Preventing Rounding Errors When Transform coefficients Representing a Motion Picture Signal are Inversely Transformed."  Curtis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint, and therefore denies the same.

## THE MPEG-2 STANDARD

19.     With respect to paragraph 19 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies the same.

20.     With respect to paragraph 20 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies the same.

21.     With respect to paragraph 21 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies the same.

## INFRINGEMENT ALLEGATIONS AGAINST CURTIS

22.    Curtis denies all allegations in paragraph 22 of the Complaint.

23.    Curtis denies all allegations in paragraph 23 of the Complaint.

24.    Curtis denies all allegations in paragraph 24 of the Complaint.

25.    With respect to paragraph 25 of the Complaint, Curtis admits that the allegations contained in paragraph 25 identify several of Curtis' product model numbers, and denies all remaining allegations in paragraph 25.

26.    Curtis denies all allegations in paragraph 26 of the Complaint.

27.    Curtis denies all allegations in paragraph 27 of the Complaint.

28.    With respect to paragraph 28 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies the same.

29.    With respect to paragraph 29 of the Complaint, Curtis admits that MPEG LA offers licenses relating to the MPEG-2 standards, but denies that MPEG LA offers licenses relating to the MPEG-2 standards on fair, reasonable, or nondiscriminatory terms.  Curtis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29, and therefore denies the same.

30.    With respect to paragraph 30 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies the same.

31.    Curtis admits that Plaintiffs are obligated to individually license the patents-in-suit, each on fair, reasonable, and non-discriminatory terms.  Curtis lacks knowledge or

7

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31, and therefore denies the same.

32.     With respect to paragraph 32 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies the same.

33.     With respect to paragraph 33 of the Complaint, Curtis admits that MPEG LA offers licenses relating to the MPEG-2 standards, but denies that MPEG LA offers licenses relating to the MPEG-2 standards on fair, reasonable, or nondiscriminatory terms.  Curtis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33, and therefore denies the same.

34.     With respect to paragraph 34 of the Complaint, Curtis admits that it was served with a copy of the Complaint on September 3, 2013, and denies all other allegations in paragraph 34.

35.     With respect to paragraph 35 of the Complaint, Curtis admits that it has not directly entered into a license under any of the patents-in-suit with any of the Plaintiffs.

36.     Curtis denies the allegations in paragraph 36 of the Complaint.

37.     Curtis denies the allegations in paragraph 37 of the Complaint.

38.     Curtis denies the allegations in paragraph 38 of the Complaint.

39.     Curtis denies the allegations in paragraph 39 of the Complaint.

40.     Curtis denies the allegations in paragraph 40 of the Complaint.

41.     Curtis denies the allegations in paragraph 41 of the Complaint.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,376,184**

42.     Curtis repeats and realleges its answers to the allegations contained in paragraphs 1-41 of the Complaint.

43.     With respect to paragraph 43 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies the same.

44.     Curtis denies the allegations in paragraph 44 of the Complaint.

45.     Curtis denies the allegations in paragraph 45 of the Complaint.

46.     Curtis denies the allegations in paragraph 46 of the Complaint.

47.     Curtis denies the allegations in paragraph 47 of the Complaint.

**COUNT II**
**INFRINGEMENT OF U. S. PATENT NO. 6,097,759**

48.     Curtis repeats and realleges its answers to the allegations contained in paragraphs 1-47 of the Complaint.

49.     With respect to paragraph 48 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore denies the same.

50.     Curtis denies the allegations in paragraph 50 of the Complaint.

51.     Curtis denies the allegations in paragraph 51 of the Complaint.

52.     Curtis denies the allegations in paragraph 52 of the Complaint.

53.     Curtis denies the allegations in paragraph 53 of the Complaint.

**COUNT III**
**INFRINGEMENT OF U. S. PATENT NO. 5,606,539**

54.     Curtis repeats and realleges its answers to the allegations contained in paragraphs 1-53 of the Complaint.

55.     With respect to paragraph 55 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore denies the same.

56.     Curtis denies the allegations in paragraph 56 of the Complaint.

57.     Curtis denies the allegations in paragraph 57 of the Complaint.

58.     Curtis denies the allegations in paragraph 58 of the Complaint.

59.     Curtis denies the allegations in paragraph 59 of the Complaint.

**COUNT IV**
**INFRINGEMENT OF U. S. PATENT NO. 5,459,789**

60.     Curtis repeats and realleges its answers to the allegations contained in paragraphs 1-59 of the Complaint.

61.     With respect to paragraph 61 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore denies the same.

62.     Curtis denies the allegations in paragraph 62 of the Complaint.

63.     Curtis denies the allegations in paragraph 63 of the Complaint.

64.     Curtis denies the allegations in paragraph 64 of the Complaint.

65.     Curtis denies the allegations in paragraph 65 of the Complaint.

**COUNT V**
**INFRINGEMENT OF U. S. PATENT NO. 5,491,516**

66.     Curtis repeats and realleges its answers to the allegations contained in paragraphs 1-65 of the Complaint.

67.     With respect to paragraph 67 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, and therefore denies the same.

68.     Curtis denies the allegations in paragraph 63 of the Complaint.

69.     Curtis denies the allegations in paragraph 64 of the Complaint.

70.     Curtis denies the allegations in paragraph 65 of the Complaint.

71.     Curtis denies the allegations in paragraph 66 of the Complaint.

**COUNT VI**
**INFRINGEMENT OF U. S. PATENT NO. 5,784,107**

72.     Curtis repeats and realleges its answers to the allegations contained in paragraphs 1-71 of the Complaint.

73.     With respect to paragraph 73 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and therefore denies the same.

74.     Curtis denies the allegations in paragraph 74 of the Complaint.

75.     Curtis denies the allegations in paragraph 75 of the Complaint.

76.     Curtis denies the allegations in paragraph 76 of the Complaint.

77.     Curtis denies the allegations in paragraph 77 of the Complaint.

**COUNT VII**
**INFRINGEMENT OF U. S. PATENT NO. 5,481,553**

78.     Curtis repeats and realleges its answers to the allegations contained in paragraphs 1-77 of the Complaint.

79.     With respect to paragraph 79 of the Complaint, Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and therefore denies the same.

80.     Curtis denies the allegations in paragraph 80 of the Complaint.

81.     Curtis denies the allegations in paragraph 81 of the Complaint.

82.     Curtis denies the allegations in paragraph 82 of the Complaint.

83.     Curtis denies the allegations in paragraph 83 of the Complaint.

**EXCEPTIONAL CASE ALLEGATIONS**

84.     Curtis repeats and realleges its answers to the allegations contained in paragraphs 1-83 of the Complaint.

85.     Curtis denies the allegations in paragraph 85 of the Complaint.

**PLAINTIFFS' REQUEST FOR RELIEF**

Curtis denies any other allegations in the Complaint that have not been specifically admitted herein.  Curtis denies that Plaintiffs are entitled to any relief for the allegations in the Complaint, and further denies that Plaintiffs are entitled to the relief that they seek.

## AFFIRMATIVE DEFENSES

Curtis's affirmative defenses to Plaintiffs' allegations are set forth below.  Curtis reserves the right to amend its responsive pleading to modify or withdraw any defense and/or assert additional defenses, including but not limited to inequitable conduct, consistent with the facts or other information discovered in this action.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

86.     Curtis has not infringed and does not infringe, directly or indirectly, any valid claim of any of the patents-in-suit, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

87.     The patents-in-suit and each and every claim thereof are invalid for failure to comply with the provisions of 35 USC § 101.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

88.     The patents-in-suit and each and every claim thereof are invalid for failure to comply with the provisions of 35 U.S.C. § 102.

### FOURTH AFFIRMATIVE DEFENSE
### (Invalidity)

89.     The patents-in-suit and each and every claim thereof are invalid for failure to comply with the provisions of 35 U.S.C. § 103.

### FIFTH AFFIRMATIVE DEFENSE
### (Invalidity)

90.     The patents-in-suit and each and every claim thereof are invalid for failure to comply with the provisions of 35 U.S.C. § 112.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

91.     Upon information and belief, Plaintiffs' claims in this action are barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

92.     Upon information and belief, Plaintiffs' claims in this action are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
### (Prosecution Estoppel)

93.     Upon information and belief, Plaintiffs' claims in this action are barred, in whole or in part, by estoppel arising from statements, representations, and/or admissions during prosecution of the patents-in-suit.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver)

94.     Upon information and belief, Plaintiffs' claims in this action are barred, in whole or in part, by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE
### (Equitable Considerations)

95.     Upon information and belief, Plaintiffs' claims in this action are barred, in whole or in part, by equitable considerations.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

96.     Plaintiffs have come to court with unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE
### (Limitations on Damages)

97.     Curtis asserts that, to the extent Plaintiffs may be entitled to recover damages for their claims in this case, any recovery is limited by the provisions set forth in 35 U.S.C. § 287. Each of the Plaintiffs are precluded from recovering damages for alleged infringement, if any, that occurred prior to the time that Curtis received notice of the alleged infringement, because upon information and belief Plaintiffs, their licensees, and any other third parties making, using, selling, offering for sale, or importing any patented article for or under Plaintiffs failed to mark with the number of each of the patents-in-suit product(s) embodying or practicing the claims of the patents-in-suit.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

98.     Plaintiffs have failed to state any claim upon which relief may be granted, and Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

99.     Plaintiffs have not suffered any legally cognizable injury or damages, and therefore are not entitled to relief.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Willfulness)

100.    Curtis has not willfully infringed, and is not willfully infringing, directly or indirectly, any of the claims of the patents-in-suit.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

101.    Plaintiffs have failed to mitigate any injury or damages they may have suffered.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Equitable Relief)

102.    Assuming that Plaintiffs are able to show entitlement to relief in this action, Plaintiffs are not entitled to equitable relief because there is an adequate remedy at law.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Limitations on Damages)

103.    Curtis asserts that, to the extent Plaintiffs may be entitled to recover damages for their claims in this case, any recovery is limited by the time limitations set forth in 35 U.S.C. § 286.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

104.    Upon information and belief, one or more of the Plaintiffs lack standing to assert and/or enforce the patents-in-suit.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to Join a Necessary Party)

105.    Upon information and belief, Plaintiffs have failed to join one or more necessary parties in this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Parties-In-Interest)

106.    Upon information and belief, Plaintiffs have failed to join one or more of the real parties-in-interest in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Parties-In-Interest)

107.    Upon information and belief, one or more of the Plaintiffs are not the real parties-in-interest in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Venue)

108.    Curtis asserts that venue is more appropriate in a judicial district other than this judicial district.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (License, Exhaustion, and/or First Sale)

109.    Upon information and belief, Plaintiffs' claims in this action are barred, in whole or in part, by exhaustion, license, and/or the first sale doctrine.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Jurisdiction)

110.    Plaintiffs and this Court lack *in personam* jurisdiction over Curtis pursuant to 28 USC § 1391, and the long-arm jurisdiction of the State of Florida.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Limitations on Claims)

111.    To the extent that certain products accused of infringing the claims of the patents-in-suit are used by and/or manufactured for the United States government, Plaintiffs' claims are subject to additional limitations pursuant to 28 U.S.C. § 1498.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Breach of FRAND)

112.    Plaintiffs and their agent MPEG LA do not offer licenses to the Asserted Patents on fair, reasonable and nondiscriminatory terms and therefore the Plaintiffs are not entitled to any recovery.

113.    Upon information and belief, Plaintiffs and MPEG LA have improperly tied the patents-in-suit in the MPEG LA patent pool for MPEG-2 with patents which are not essential.

## COUNTERCLAIMS

Curtis, for its Counterclaims against Plaintiffs and upon information and belief, states as follows:

## THE PARTIES

1.      Curtis is a corporation organized under the laws of Canada with its principal place of business located in Toronto, Ontario, Canada.

2.      Upon information and belief based solely on Paragraph 1 of the Complaint, Mitsubishi is a Japanese corporation, having its principal place of business in Tokyo, Japan.

3.      Upon information and belief based solely on Paragraph 2 of the Complaint, Phillips is a Netherlands corporation, having its principal place of business in Amsterdam, The Netherlands.

4.      Upon information and belief based solely on Paragraph 3 of the Complaint, Thomson is a French corporation, having tis principal place of business in Issy-les-Moulineaux, France.

5.      Upon information and belief based solely on Paragraph 4 of the Complaint, GE is a Delaware corporation, having its principal place of business in Albany, New York.

6.      Upon information and belief based solely on Paragraph 5 of the Complaint, Panasonic is a Japanese corporation, having its principal place of business in Tokyo, Japan.

7.      Upon information and belief based solely on Paragraph 6 of the Complaint, Sony is a Japanese corporation, having its principal place of business in Tokyo, Japan.

## JURISDICTION AND VENUE

8.      These are counterclaims for declaratory judgment and breach of contract and promissory estoppel, for which this Court has supplemental jurisdiction pursuant to 28 U.S.C. §

1367 because these claims arise from a common nucleus of operative facts and are so related to the original claims in the action that they form part of the same case or controversy under Article III of the United States Constitution. In addition, because Curtis is a Canadian company and because Plaintiffs have represented to the Court in their complaint that each of the plaintiffs are incorporated and/or based out of Japan, Amsterdam, France, and the United States, complete diversity exists giving rise to diversity jurisdiction under 28 U.S.C. § 1332.

9.      This Court has personal jurisdiction over Plaintiffs by virtue of Plaintiffs' Complaint that they filed in this Court.

10.     Although Curtis will be filing a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)-(c) and § 1400(b).

## FACTUAL ALLEGATIONS

11.     Upon information and belief based solely on paragraph 12 of the Complaint, on or about May 20, 2008 United States Patent No. 7,376,184 entitled "High-Efficiency Encoder and Video Information Recording/Reproducing apparatus," was issued ("the '184 patent").

12.     Upon information and belief based solely on paragraph 43 of the Complaint, Mitsubishi purports to be the owner by assignment of the '184 patent.

13.     Upon information and belief based solely on paragraph 13 of the Complaint, on or about August 1, 2000 United States Patent No. 6,097,759, entitled "Image Signal Coding System," was issued ("the '759 patent").

14.     Upon information and belief based solely on paragraph 49 of the Complaint, Mitsubishi purports to be the owner by assignment of the '759 patent.

15.     Upon information and belief based solely on paragraph 14 of the Complaint, on or about February 25, 1997 United States Patent No. 5,606,539, entitled "Method and Apparatus for

Encoding and Decoding an Audio and/or Video Signal, and a Record Carrier for Use with Such Apparatus," was issued ("the '539 patent").

16.     Upon information and belief based solely on paragraph 55 of the Complaint, Phillips purports to be the owner by assignment of the '539 patent.

17.     Upon information and belief based solely on paragraph 15 of the Complaint, on or about October 17, 1995 United States Patent No. 5,459,789, entitled "Packet TV Program Component Detector," was issued ("the '789 patent").

18.     Upon information and belief based solely on paragraph 61 of the Complaint, Thomson purports to be the owner by assignment of the '789 patent.

19.     Upon information and belief based solely on paragraph 16 of the Complaint, on or about February 13, 1996 United States Patent No. 5,497,516, entitled "Field Elimination Apparatus for a Video Compression/Decompression System," was issued ("the '516 patent").

20.     Upon information and belief based solely on paragraph 67 of the Complaint, GE purports to be the owner by assignment of the '516 patent.

21.     Upon information and belief based solely on paragraph 17 of the Complaint, on or about July 21, 1998 United States Patent No. 5,784,107, entitled "Method and Apparatus for Picture Coding and Method and Apparatus for Picture Decoding," was issued ("the '107 patent").

22.     Upon information and belief based solely on paragraph 73 of the Complaint, Panasonic purports to be the owner by assignment of the '107 patent.

23.     Upon information and belief based solely on paragraph 18 of the Complaint, on or about January 2, 1996 United States Patent No. 5,481,553 entitled "Methods and Apparatus for

Preventing Rounding Errors When Transform Coefficients Representing a Motion Picture Signal Are Inversely Transformed," was issued ("the '553 patent").

24.     Upon information and belief based solely on paragraph 79 of the Complaint, Sony purports to be the owner by assignment of the '553 patent.

**<u>Standard Setting Bodies and FRAND</u>**

25.     Plaintiffs represented that the asserted patents are essential to the MPEG-2 standard.  In doing so, Plaintiffs made commitments to the International Telecommunications Union ("ITU"), International Organization for Standardization ("ISO"), International Electrotechnical Commission ("IEC"), Moving Picture Experts Group ("MPEG"), and their members and affiliates, and/or MPEG LA, that each of their essential patents would be available for licensing on fair, reasonable, and non-discriminatory terms ("FRAND").

26.     The ITU is a professional association and leading developer of technical standards. ITU members include engineers, scientists, and allied professionals whose technical interests relate to electrical and computer sciences, engineering and related disciplines. The ISO is an international standard-setting body composed of representatives from various national standards organizations.  The IEC is an international standards organization.  The ITU, ISO, and ITU and their members participated in the standardization of the MPEG-2 standard.

27.     To protect against unscrupulous conduct by any member who seeks to benefit unfairly from, or to manipulate to its advantage, the ITU's, IEC's. and ISO's standard-setting process, and to enable the ITU, IEC, and ISO and its members to develop standards free from potentially blocking patents, the ITU, IEC, and ISO instituted policies and rules regarding the disclosure and licensing of patents.

28.     The ITU's, IEC's. and ISO's rules and policies required fairness and candor with respect to intellectual property. For example, these organizations requires members to disclose known patents and negotiate on FRAND terms or face exclusion of their patent from the standard.

29.     The imposition of FRAND obligations is an important aspect of the standard setting process.  Once a standard is set and widely adopted, companies become "locked in" to using that standard.  Thus, without FRAND obligations, any person that contributed an idea to a standard, no matter how small, could lay in wait until a standard is widely adopted and then demand that every participant in the industry pay a royalty fee that is disproportionate to the technical merit of the idea.  In other words, a patent owner could "hold up" the entire industry for exorbitant royalty fees by threatening to prevent anyone from using the standard.

30.     Upon information and belief, had the Plaintiffs failed to provide FRAND assurances, their patents would not have been incorporated into the MPEG-2 standard.  Such assurances are for the protection of third-parties, like Curtis, who rely on the Plaintiffs commitments to ensure that the royalties Plaintiffs seek would conform to the promises Plaintiffs made.

31.     In providing FRAND assurances, Plaintiffs entered into an actual or implied contract for the benefit of any entity that implemented the MPEG-2 standard.  Under the ITU-T's policy, Plaintiffs are now irrevocably bound by their commitments to offer licenses on FRAND terms until the standard is withdrawn.

### The MPEG LA Patent Pool

32.     MPEG LA is a patent licensing agent to which all of the Plaintiffs have contributed patents allegedly essential to the MPEG-2 standard.  These patents are collected in the MPEG-2 patent pool.  This patent pool includes the patents-in-suit.

33.     Prior to the formation of the MPEG-2 patent pool, MPEG LA recognized that its pooling activities could raise antitrust concerns.  Accordingly, MPEG LA sought a Business Review Letter from the DOJ.  In its request for a Business Review Letter, MPEG LA represented to the DOJ that the MPEG-2 patent pool was limited to "technically essentially patents, as opposed to merely advantageous ones, [which] helps ensure that the Portfolio patentes are not competitive with each other and that the Portfolio license does not, by bundling in non-essential patents, foreclose the competitive implementation options that the MPEG-2 standard expressly left open."  MPEG LA also promised to the DOJ that it would require all licenses be granted on FRAND terms.

34.     On June 26, 1997, in reliance on MPEG LA's promises, the DOJ issued a Business Review Letter regarding the MPEG-2 patent pool.  The letter stated that the DOJ did not presently intend to investigate MPEG LA for antitrust violations, but this letter does not prevent the DOJ from later opening an investigation.

35.     By making these promises to the DOJ, MPEG LA was making promises not only to the DOJ but also to the consumer electronics industry as a whole.

36.     Since the formation of the MPEG LA patent pool for MPEG-2 patents, enormous changes have occurred in the market for MPEG-2 products.  Most notably, the price of MPEG-2 products has dropped dramatically.  Nonetheless, the rates for a license the MPEG-2 pool have not dropped by similar amounts.  This disproportionate rate is particularly problematic for low

cost product vendors, like Curtis, because these companies have limited opportunities to raise prices or otherwise afford MPEG LA royalty rates.

37.     Furthermore, since the inception of the MPEG LA patent pool, many patents that have been alleged to be essential to the pool have expired.  On information and belief, the rates for a license to the MPEG-2 patent pool have not been adjusted and/or dropped in accordance with patent expiration.

38.     On information and belief, Plaintiffs have assigned actual authority to MPEG LA to negotiate licenses covering the patents-in-suit on behalf of Plaintiffs.  Based on interactions between Curtis and MPEG LA, Curtis reasonably believed that MPEG LA had and has authority to act as licensing agent on behalf of Plaintiffs.

### Plaintiffs and MPEG LA Fail to Abide by Their Obligations

39.     In 2010, MPEG LA demanded that Curtis enter into license agreements for the ATSC patent pool and the MPEG-2 patent pool, which MPEG LA claimed are essential for the ATSC and MPEG-2 standards, respectively, and which are contained in products sold by Curtis.

40.     Throughout 2010, 2011, and 2012, Curtis attempted to negotiate fair, reasonable, and non-discriminatory license agreements with MPEG LA.  These negotiations consisted of many e-mails and several in-person meetings.  Throughout this time, the parties proffered various proposals and counter-proposals.  Throughout the negotiations, Curtis informed MPEG LA that the royalty sought by MPEG LA was unfair and unreasonable, given Curtis' size, market position, and the realities of the current market for Curtis's products.

41.     MPEG LA also demanded back royalties from Curtis for products that contained the ATSC and MPEG-2 standards that Curtis previously sold.  Curtis informed MPEG LA that it

was not entitled to back royalties due to the passage of time and stated that the payment of back royalties was not economically feasible.

42.     MPEG LA repeatedly declined Curtis' offers of compromise and insisted that Curtis enter into the ATSC and MPEG-2 license agreements on a take-it-or-leave-it basis or face certain consequences.  MPEG LA repeatedly threatened to inform Curtis' customers that Curtis was not "properly licensed."

43.     At no point in the negotiation process did MPEG LA inform Curtis that it could license any of the required patents directly from the patent holders.  In fact, MPEG LA repeatedly implied to Curtis that only MPEG LA was authorized to enter into license agreements on behalf of the patent holders.

44.     In March 2013, MPEG LA sent correspondence to at least two of Curtis' customers informing these customers that Curtis was not licensed to use the MPEG-2 technology.  MPEG LA also threatened these customers that they could be liable for patent infringement if they resold unlicensed products.  MPEG LA's letters to Curtis's customers never informed those customers that Curtis legally could seek licenses with individual patent holders outside of the ATSC or MPEG-2 patent pools.

45.     Because of these threats from MPEG LA to inform Curtis's customers regarding Curtis' alleged failure to enter into license agreements with MPEG LA, Curtis was faced with two options – either negotiate with MPEG LA or face the consequences of a potential infringement suit.

46.     Despite their commitments to standard setting organizations, MPEG LA, the DOJ, and the public, Plaintiffs have breached their FRAND assurances by refusing to extend Curtis a license consistent with Plaintiffs promises to individually license the patents-in-suit on terms that

are fair, reasonable, and non-discriminatory.   Instead, Plaintiffs demand a royalty rate disproportionate to the rate that their patents should reasonably command given their impending expiration, questionable essentiality, and their value to the price of the products at issue.

47.     Plaintiffs are also responsible for breaches of their FRAND assurances by and through the actions of their agent MPEG LA.  MPEG LA has failed to extend Curtis a license for the MPEG-2 portfolio on terms that are fair, reasonable and non-discriminatory.  Instead, MPEG LA demands a royalty rate disproportionate to the rate that pooled patents should reasonably command given the impending expiration and questionable essentiality of patents in the pool.

## COUNT ONE
### (Breach of Contract)

48.     Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

49.     In declarations to the ISO, IEC, and/or ITU, and/or via its agreements with MPEG LA, Plaintiffs agreed to license any essential patents for the MPEG-2 standard under fair, reasonable and non-discriminatory terms.

50.     For consideration, including membership and participation in the ISO, IEC, ITU, and/or MPEG LA's MPEG-2 patent pool, Plaintiffs entered into an express and/or implied contract with the ISO, IEC, ITU, MPEG LA,  and/or their members to which others, including Curtis, are third party beneficiaries.

51.     Plaintiffs, individually and through their agent MPEG LA, breached their contractual obligations, including by, among other things, failing to offer licenses for the Patents on fair, reasonable and non-discriminatory terms, by engaging in patent hold up, by demanding licensing fees that are excessive in light of the fact that some patents in the MPEG LA MPEG-2 patent pool have or soon will expire and in light of the fact that prices for MPEG-2 consumer

devices have fallen considerably since the introduction of the MPEG-2 standard, by discriminating against low cost consumer device providers such as Curtis by charging rates excessive in light of the price of low cost devices, by failing to offer individual licenses for the patents-in-suit and/or for patents specifically related to Curtis operations, and by offering to license the MPEG LA MPEG-2 patent pool as a pool of essential despite failing to demonstrate essentiality of all patents and despite having inadequate safeguards to ensure that the pool was limited to patents actually essential to the MPEG-2 standard.

52.     Curtis has incurred damages and irreparable harm and will be further damaged in the future due to Plaintiffs' breach of their contractual obligations.  Curtis's damages stem from disruption of its business caused by Plaintiffs' and/or MPEG LA's improper licensing demands and their representations to Curtis's retailers to the extent those representations harmed Curtis's image, caused a loss of goodwill, and/or caused Curtis's retailers to forgo purchasing Curtis products.

**COUNT TWO**
**(Promissory Estoppel)**

53.     Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

54.     Plaintiffs made representations and engaged in other conduct, including submission of declarations to the DOJ, ITU, IEC, and/or ISO, and execution of agreements with MPEG LA that obligated Plaintiffs to license any patents they may own that they allege are required to operate in accordance with the accused MPEG-2 standards on terms that are fair, reasonable, and non-discriminatory.

55.     Plaintiffs' conduct constituted promises to the DOJ, ITU, IEC, ISO, MPEG LA, their members, and/or third parties that make, use, sell, offer to sell, or import into the United

27

States products compliant with the MPEG-2 standard.  The intended purpose of Plaintiffs' promises was to induce reliance.  By making such promises, Plaintiffs knew or reasonably should have known they would be relied upon.

56.    The DOJ, ITU, IEC, ISO, MPEG LA, their members, and/or third parties including Curtis, reasonably relied upon Plaintiffs' promises. In so relying, they invested substantial resources developing, marketing, and selling products that operate in accordance with the accused MPEG-2 standard with the expectation that Plaintiffs would comply with the rules of the ITU, IEC, and ISO and offer licenses to any essential patents on fair, reasonable, and non-discriminatory terms.

57.    Plaintiffs are estopped from reneging on these promises under the doctrine of promissory estoppel.

58.    Curtis has been damaged as a result of its reasonable reliance as provided herein and is threatened by the imminent loss of profits, customers, potential customers, goodwill, and product image such that injustice can only be avoided by enforcement of Plaintiffs' promises.

59.    Curtis will suffer irreparable injury by reason of the acts and conduct of Plaintiffs alleged above until and unless the court enjoins such acts practices and conduct.

## COUNT THREE
### (Unclean Hands)

60.    Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

61.    Plaintiffs' wrongful conduct as alleged herein constitutes unclean hands and renders the Patents unenforceable.

## COUNT FOUR
### (Declaratory Judgment of Non-Infringement of '184 Patent)

62.     Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

63.     This is an action for a declaratory judgment of non-infringement by Curtis of the '184 patent pursuant to 28 U.S.C. §§ 2201 and 2201.

64.     Plaintiffs have alleged that Curtis directly infringes, indirectly infringes by inducement, literally and/or under the doctrine of equivalents, the '184 patent.

65.     The filing of this action, and Curtis' First Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '184 patent.

66.     Curtis seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe any claim of the '184 patent.

## COUNT FIVE
### (Declaratory Judgment of Invalidity of '184 Patent)

67.     Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

68.     Mitsubishi purports to be the assignee and owner of the entire right, title and interest in the '184 patent.

69.     Mitsubishi has sued Curtis in the present action, alleging infringement of the '184 patent.  Thus, an immediate, real, and justiciable controversy exists between Mitsubishi and Curtis with respect to the alleged infringement, validity, and enforceability of the '184 patent.

70.     The claims of the '184 patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

71.     Curtis seeks a judgment declaring that the asserted claims of the '184 patent are invalid.

## COUNT SIX
### (Declaratory Judgment of Non-Infringement of '759 Patent)

72.     Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

73.     This is an action for a declaratory judgment of non-infringement by Curtis of the '759 patent pursuant to 28 U.S.C. §§ 2201 and 2201.

74.     Plaintiffs have alleged that Curtis directly infringes, indirectly infringes by inducement, literally and/or under the doctrine of equivalents, the '759 patent.

75.     The filing of this action, and Curtis' Third Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '759 patent.

76.     Curtis seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe any claim of the '759 patent.

## COUNT SEVEN
### (Declaratory Judgment of Invalidity of '759 Patent)

77.     Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

78.     Mitsubishi purports to be the assignee and owner of the entire right, title and interest in the '759 patent.

79.     Mitsubishi has sued Curtis in the present action, alleging infringement of the '759 patent.  Thus, an immediate, real, and justiciable controversy exists between Mitsubishi and Curtis with respect to the alleged infringement, validity, and enforceability of the '759 patent.

80.     The claims of the '759 patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

81.     Curtis seeks a judgment declaring that the asserted claims of the '759 patent are invalid.

## COUNT EIGHT
### (Declaratory Judgment of Non-Infringement of '539 Patent)

82.     Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

83.     This is an action for a declaratory judgment of non-infringement by Curtis of the '539 patent pursuant to 28 U.S.C. §§ 2201 and 2201.

84.     Plaintiffs have alleged that Curtis directly infringes, indirectly infringes by inducement, literally and/or under the doctrine of equivalents, the '539 patent.

85.     The filing of this action, and Curtis' Fifth Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '539 patent.

86.     Curtis seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe any claim of the '539 patent.

## COUNT NINE
### (Declaratory Judgment of Invalidity of '539 Patent)

87.     Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

88.     Philips purports to be the assignee and owner of the entire right, title and interest in the '539 patent.

31

89.     Philips has sued Curtis in the present action, alleging infringement of the '539 patent.  Thus, an immediate, real, and justiciable controversy exists between Philips and Curtis with respect to the alleged infringement, validity, and enforceability of the '539 patent.

90.     The claims of the '539 patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

91.     Curtis seeks a judgment declaring that the asserted claims of the '539 patent are invalid.

**COUNT TEN**
**(Declaratory Judgment of Non-Infringement of '789 Patent)**

92.     Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

93.     This is an action for a declaratory judgment of non-infringement by Curtis of the '789 Patent pursuant to 28 U.S.C. §§ 2201 and 2201.

94.     Plaintiffs have alleged that Curtis directly infringes, indirectly infringes by inducement, literally and/or under the doctrine of equivalents, the '789 patent.

95.     The filing of this action, and Curtis' Seventh Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '789 patent.

96.     Curtis seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe any claim of the '789 patent.

**COUNT ELEVEN**
**(Declaratory Judgment of Invalidity of '789 Patent)**

97.     Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

98.     Thomson purports to be the assignee and owner of the entire right, title and interest in the '789 patent.

99.     Thomson has sued Curtis in the present action, alleging infringement of the '789 patent.  Thus, an immediate, real, and justiciable controversy exists between Thomson and Curtis with respect to the alleged infringement, validity, and enforceability of the '789 patent.

100.    The claims of the '789 Patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

101.    Curtis seeks a judgment declaring that the asserted claims of the '789 patent are invalid.

**COUNT TWELVE**
**(Declaratory Judgment of Non-Infringement of '516 Patent)**

102.    Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

103.    This is an action for a declaratory judgment of non-infringement by Curtis of the '516 patent pursuant to 28 U.S.C. §§ 2201 and 2201.

104.    Plaintiffs have alleged that Curtis directly infringes, indirectly infringes by inducement, literally and/or under the doctrine of equivalents, the '516 patent.

105.    The filing of this action, and Curtis' Ninth Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '516 patent.

106.    Curtis seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe any claim of the '516 patent.

**COUNT THIRTEEN**
**(Declaratory Judgment of Invalidity of '516 Patent)**

107.    Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

108.    GE purports to be the assignee and owner of the entire right, title and interest in the '516 patent.

109.    GE has sued Curtis in the present action, alleging infringement of the '516 patent. Thus, an immediate, real, and justiciable controversy exists between GE and Curtis with respect to the alleged infringement, validity, and enforceability of the '516 patent.

110.    The claims of the '516 patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

111.    Curtis seeks a judgment declaring that the asserted claims of the '516 patent are invalid.

## COUNT FOURTEEN
### (Declaratory Judgment of Non-Infringement of '107 Patent)

112.    Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

113.    This is an action for a declaratory judgment of non-infringement by Curtis of the '107 patent pursuant to 28 U.S.C. §§ 2201 and 2201.

114.    Plaintiffs have alleged that Curtis directly infringes, indirectly infringes by inducement, literally and/or under the doctrine of equivalents, the '107 patent.

115.    The filing of this action, and Curtis' Eleventh Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '107 patent.

116.    Curtis seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe any claim of the '107 patent.

## COUNT FIFTEEN
### (Declaratory Judgment of Invalidity of '107 Patent)

117.    Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

118.    Panasonic purports to be the assignee and owner of the entire right, title and interest in the '107 patent.

119.    Panasonic has sued Curtis in the present action, alleging infringement of the '107 patent.   Thus, an immediate, real, and justiciable controversy exists between Panasonic and Curtis with respect to the alleged infringement, validity, and enforceability of the '107 patent.

120.    The claims of the '107 patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

121.    Curtis seeks a judgment declaring that the asserted claims of the '107 patent are invalid.

## COUNT SIXTEEN
### (Declaratory Judgment of Non-Infringement of '553 Patent)

122.    Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

123.    This is an action for a declaratory judgment of non-infringement by Curtis of the '553 patent pursuant to 28 U.S.C. §§ 2201 and 2201.

124.    Plaintiffs have alleged that Curtis directly infringes, indirectly infringes by inducement, literally and/or under the doctrine of equivalents, the '553 patent.

125.    The filing of this action, and Curtis' Thirteenth Affirmative Defense, create an actual and justiciable controversy concerning the non-infringement of the '553 patent.

126.     Curtis seeks a declaration under 28 U.S.C. §§ 2201, et seq. that it does not infringe any claim of the '553 patent.

## COUNT SEVENTEEN
### (Declaratory Judgment of Invalidity of '553 Patent)

127.     Curtis incorporates by reference the allegations of the Counterclaim paragraphs above herein.

128.     Sony purports to be the assignee and owner of the entire right, title and interest in the '553 patent.

129.     Sony has sued Curtis in the present action, alleging infringement of the '553 patent.  Thus, an immediate, real, and justiciable controversy exists between Sony and Curtis with respect to the alleged infringement, validity, and enforceability of the '553 patent.

130.     The claims of the '553 patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

131.     Curtis seeks a judgment declaring that the asserted claims of the '553 patent are invalid.

## REQUEST FOR RELIEF

Therefore, Curtis requests judgment as follows:

1.     For a declaration that the claims of the Patents are invalid;

2.     For a declaration that neither Curtis, nor any of its products infringe (directly, indirectly, literally, and/or under the doctrine of equivalents) any valid or enforceable claim of the Patents;

3.     For a declaration that the Patents are unenforceable;

36

4.      Award Curtis damages in an amount to be proven at trial on account of Plaintiffs'

breach of contract and promises, including without limitation expectancy damages and

restitution;

5.      A judgment requiring Plaintiffs' specific performance to grant licenses to the

Patents, to the extent such licenses are required, on fair, reasonable and non-discriminatory terms

and conditions;

6.      Award and declaration that Plaintiffs grant Curtis a royalty-free license to make,

use, sell, offer for sale, and import within the U.S. any products that are covered by any claim of

the Patents to the extent such a license is required;

7.      An order declaring that Curtis is a prevailing party and that this is an exceptional

case, awarding Curtis its costs, expenses, disbursements, and reasonable attorney fees under 35

U.S.C. § 285 and all other applicable statutes, rules, and common law.

8.      An order declaring that Curtis is entitled to Attorneys fees, costs, and expenses on

account of Plaintiffs' breach of contract.

9.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all claims and all issues properly triable thereby.

Dated:  October 8, 2013

Respectfully submitted,

**McKool Smith, P.C.**

*/s/ Michael P. Fritz*
Theodore Stevenson, III (*pro hac vice* to be filed)
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Michael P. Fritz (*pro hac vice* motion pending)
Texas State Bar No. 24036599
mfritz@mckoolsmith.com
Scott W. Hejny (*pro hac motion pending*)
Texas State Bar No. 24038952
shejny@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas   75201
Telephone: (214) 978-4974
Telecopier: (214) 978-4044

Jay B Shapiro
Florida Bar No. 776361
jshapiro@stearnsweaver.com
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305 ) 789-3200
Telecopier: (305) 789-3395

Samuel O. Patmore
Florida Bar No. 0096432
spatmore@stearnsweaver.com
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305 ) 789-4102
Telecopier: (305) 789-3395

**ATTORNEYS FOR CURTIS
INTERNATIONAL LTD.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF System.

*/s/ Samuel O. Patmore*
Samuel O. Patmore

38