**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
Case No. 13-CV-80738-DMM (Consolidated For Pretrial)

| | |
|---|---|
| MITSUBISHI ELECTRIC CORP. (alternatively named MITSUBISHI DENKI KABUSHIKI KAISHA), KONINKLIJKE PHILIPS N.V, THOMSON LICENSING, GE TECHNOLOGY DEVELOPMENT, INC., PANASONIC CORPORATION, and SONY CORPORATION, | |
| *Plaintiffs*, | Civil Action No. 9:13-cv-80738-DMM |
| v. | JURY TRIAL DEMANDED |
| CRAIG ELECTRONICS INC., | |
| *Defendant*. | |
| MITSUBISHI ELECTRIC CORP. (alternatively named MITSUBISHI DENKI KABUSHIKI KAISHA), KONINKLIJKE PHILIPS N.V., THOMSON LICENSING, GE TECHNOLOGY DEVELOPMENT, INC., PANASONIC CORPORATION, and SONY CORPORATION, | |
| *Plaintiffs*, | Civil Action No. 9:13-cv-80739-DMM |
| v. | JURY TRIAL DEMANDED |
| CURTIS INTERNATIONAL LTD., | |
| *Defendant*. | |
| MITSUBISHI ELECTRIC CORP. (alternatively named MITSUBISHI DENKI KABUSHIKI KAISHA), KONINKLIJKE PHILIPS N.V, THOMSON LICENSING, GE TECHNOLOGY DEVELOPMENT, INC., PANASONIC CORPORATION, and SONY CORPORATION, | |
| *Plaintiffs*, | Civil Action No. 9:13-cv-80743-DMM |
| v. | JURY TRIAL DEMANDED |
| VIEWSONIC CORPORATION (alternatively named VIEWSONIC DISPLAY CO.), | |
| *Defendant*. | |

MITSUBISHI ELECTRIC CORP. (alternatively named MITSUBISHI DENKI KABUSHIKI KAISHA), KONINKLIJKE PHILIPS N.V., and THOMSON LICENSING,

                          *Plaintiffs*,

v.

MOTOROLA MOBILITY LLC,

                          *Defendant*.

Civil Action No. 9:13-cv-80745-DMM

JURY TRIAL DEMANDED

## PLAINTIFFS' ANSWER TO CURTIS INTERNATIONAL LTD.'S COUNTERCLAIMS

Plaintiffs Mitsubishi Electric Corp. (alternatively named Mitsubishi Denki Kabushiki Kaisha), Koninklijke Philips N.V., Thomson Licensing, GE Technology Development, Inc., Panasonic Corporation and Sony Corporation, answer the Counterclaims of Curtis International Ltd. ("Curtis") as follows:

### PARTIES

1.      Upon information and belief, Plaintiffs admit the allegations in Paragraph 1.

2.      Plaintiffs admit the allegations in Paragraph 2.

3.      Plaintiffs admit the allegations in Paragraph 3.

4.      Plaintiffs admit the allegations in Paragraph 4.

5.      Plaintiffs admit the allegations in Paragraph 5.

6.      Plaintiffs admit the allegations in Paragraph 6.

7.      Plaintiffs admit the allegations in Paragraph 7.

### JURISDICTION AND VENUE

8.      Plaintiffs admit that Curtis purports to state counterclaims for declaratory judgment, breach of contract and promissory estoppel but deny that Curtis is entitled to any relief.  Plaintiffs deny that this Court has jurisdiction over the subject matter of these purported

Counterclaims.  Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

9.      Plaintiffs admit that they are subject to personal jurisdiction in this District for purposes of these purported Counterclaims.

10.      Plaintiffs admit that venue is proper in this District.  Plaintiffs deny that Curtis is entitled to any relief that it may seek under 28 U.S.C. § 1404(a).  Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

## **FACTUAL ALLEGATIONS**

11.      Plaintiffs admit the allegations in Paragraph 11.

12.      Plaintiffs admit the allegations in Paragraph 12.

13.      Plaintiffs admit the allegations in Paragraph 13.

14.      Plaintiffs admit the allegations in Paragraph 14.

15.      Plaintiffs admit the allegations in Paragraph 15.

16.      Plaintiffs admit the allegations in Paragraph 16.

17.      Plaintiffs admit the allegations in Paragraph 17.

18.      Plaintiffs admit the allegations in Paragraph 18.

19.      Plaintiffs admit the allegations in Paragraph 19.

20.      Plaintiffs admit the allegations in Paragraph 20.

21.      Plaintiffs admit the allegations in Paragraph 21.

22.      Plaintiffs admit the allegations in Paragraph 22.

23.     Plaintiffs admit the allegations in Paragraph 23.

24.     Plaintiffs admit the allegations in Paragraph 24.

25.     Plaintiffs admit that they represented, among other things, that the asserted patents are essential to the MPEG-2 Standard, as that MPEG-2 Standard is defined in Plaintiffs' Complaint.  Plaintiffs further admit that they have committed to offer, and have offered, their respective asserted patents on FRAND terms, the specific communications of which speak for themselves.  Plaintiffs deny the remaining allegations in Paragraph 25.

26.     Plaintiffs admit that a joint technical committee established by ISO and IEC helped prepare the MPEG-2 Standard.  Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

27.     Plaintiffs admit that ISO has policies and rules regarding the licensing of patents. Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

28.     Plaintiffs admit that the ITU, IEC and ISO have developed rules concerning intellectual property.  Plaintiffs deny the second sentence of Paragraph 28.  The remaining allegations in Paragraph 28 are not defined with sufficient precision to enable Plaintiffs to respond and therefore Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

29.     Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the factual allegations, if any, in Paragraph 29.  To the extent a response is required, Plaintiffs deny each and every one of such allegations, and deny all other allegations.

30.     Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

31.     Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

32.     Plaintiffs admit that MPEG LA is a licensing administrator, that Plaintiffs have contributed their essential patents to the portfolio of patents licensed under the MPEG-2 Patent Portfolio License, including the Patents in Suit, and that MPEG LA has been given specified authority to license the patents.  Plaintiffs deny the remaining allegations in Paragraph 32.

33.     Plaintiffs admit that on April 28, 1997, MPEG LA and others sought a Business Review Letter from the U.S. Department of Justice, which communication speaks for itself.  Plaintiffs deny the remaining allegations in Paragraph 33.

34.     Plaintiffs admit that the U.S. Department of Justice issued a Business Review Letter on June 26, 1997, which communication speaks for itself.  Plaintiffs deny the remaining allegations in Paragraph 34.

35.     Plaintiffs deny the allegations in Paragraph 35.

36.     Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

37.     Plaintiffs admit that some of the patents licensed in the MPEG-2 Patent Portfolio License offered by MPEG LA have expired.  Plaintiffs further admit that the licensing rates have dropped multiple times since the MPEG-2 Patent Portfolio License was first offered.  Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

38.     Plaintiffs admit they have agreements with MPEG LA, which agreements speak for themselves.  Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

39.     Plaintiffs admit that MPEG LA has had communications with Curtis regarding certain patents, including the Patents in Suit, which communications speak for themselves. Plaintiffs deny the remaining allegations in Paragraph 39.

40.     Plaintiffs admit that MPEG LA has had communications with Curtis regarding certain patents, including the Patents in Suit, which communications speak for themselves. Plaintiffs deny the remaining allegations in Paragraph 40.

41.     Plaintiffs admit that MPEG LA has had communications with Curtis regarding certain patents, including the Patents in Suit, which communications speak for themselves. Plaintiffs deny the remaining allegations in Paragraph 41.

42.     Plaintiffs admit that MPEG LA has had communications with Curtis regarding certain patents, including the Patents in Suit, which communications speak for themselves. Plaintiffs deny the remaining allegations in Paragraph 42.

43.     Plaintiffs admit that MPEG LA has had communications with Curtis regarding certain patents, including the Patents in Suit, which communications speak for themselves. Plaintiffs deny the remaining allegations in Paragraph 43.

44.     Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

45.     Plaintiffs deny the allegations in Paragraph 45.

46.     Plaintiffs deny the allegations in Paragraph 46.

47.     Plaintiffs deny the allegations in Paragraph 47.

## COUNT ONE
## (Breach of Contract)

48.     Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

49.     Plaintiffs admit that they have committed to offer, and have offered, their respective asserted patents on FRAND terms, the specific communications of which speak for themselves.  Plaintiffs deny the remaining allegations in Paragraph 49.

50.     Plaintiffs deny the allegations in Paragraph 50.

51.     Plaintiffs deny the allegations in Paragraph 51.

52.     Plaintiffs deny the allegations in Paragraph 52.

## COUNT TWO
### (Promissory Estoppel)

53.     Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

54.     Plaintiffs admit that they have committed to offer, and have offered, their respective asserted patents on FRAND terms, the specific communications of which speak for themselves.  Plaintiffs deny the remaining allegations in Paragraph 54.

55.     Plaintiffs admit that they have committed to offer, and have offered, their respective asserted patents on FRAND terms, the specific communications of which speak for themselves.  Plaintiffs deny the remaining allegations in Paragraph 55.

56.     Plaintiffs are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

57.     Plaintiffs deny the allegations in Paragraph 57.

58.     Plaintiffs deny the allegations in Paragraph 58.

59.     Plaintiffs deny the allegations in Paragraph 59.

## COUNT THREE
### (Unclean Hands)

60.     Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

61.     Plaintiffs deny the allegations in Paragraph 61.

## COUNT FOUR
### (Declaratory Judgment of Non-Infringement of the '184 Patent)

62.     Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

63.     Plaintiffs admit that Curtis purports to base this Counterclaim on 28 U.S.C. §§ 2201 and 2202.

64.     Plaintiffs admit that they allege, among other things, that Curtis infringes the '184 Patent.

65.     Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Curtis of the '184 Patent.  No answer is required to the remaining allegations in Paragraph 65, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

66.     Plaintiffs admit that Curtis purports to seek declaratory relief in Paragraph 66, but deny that Curtis is entitled to such relief.

## COUNT FIVE
### (Declaratory Judgment of Invalidity of the '184 Patent)

67.     Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

68.     Plaintiffs admit the allegations in Paragraph 68.

69.     Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Curtis of the '184 Patent.  No answer is required to the remaining

allegations in Paragraph 69, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

70.     No answer is required to the remaining allegations in Paragraph 70, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

71.     Plaintiffs admit that Curtis purports to seek declaratory relief in Paragraph 71, but deny that Curtis is entitled to such relief.

**COUNT SIX**
**(Declaratory Judgment of Non-Infringement of the '759 Patent)**

72.     Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

73.     Plaintiffs admit that Curtis purports to base this Counterclaim on 28 U.S.C. §§ 2201 and 2202.

74.     Plaintiffs admit that they allege, among other things, that Curtis infringes the '789 Patent.

75.     Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Curtis of the '789 Patent.  No answer is required to the remaining allegations in Paragraph 75, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

76.     Plaintiffs admit that Curtis purports to seek declaratory relief in Paragraph 76, but deny that Curtis is entitled to such relief.

## COUNT SEVEN
### (Declaratory Judgment of Invalidity of the '759 Patent)

77.     Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

78.     Plaintiffs admit the allegations in Paragraph 78.

79.     Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Curtis of the '789 Patent.  No answer is required to the remaining allegations in Paragraph 79, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

80.     No answer is required to the remaining allegations in Paragraph 80, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

81.     Plaintiffs admit that Curtis purports to seek declaratory relief in Paragraph 81, but deny that Curtis is entitled to such relief.

## COUNT EIGHT
### (Declaratory Judgment of Non-Infringement of the '539 Patent)

82.     Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

83.     Plaintiffs admit that Curtis purports to base this Counterclaim on 28 U.S.C. §§ 2201 and 2202.

84.     Plaintiffs admit that they allege, among other things, that Curtis infringes the '539 Patent.

85.     Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Curtis of the '539 Patent.  No answer is required to the remaining allegations in Paragraph 85, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

86.     Plaintiffs admit that Curtis purports to seek declaratory relief in Paragraph 86, but deny that Curtis is entitled to such relief.

**COUNT NINE**
**(Declaratory Judgment of Invalidity of the '539 Patent)**

87.     Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

88.     Plaintiffs admit the allegations in Paragraph 88.

89.     Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Curtis of the '539 Patent.  No answer is required to the remaining allegations in Paragraph 89, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

90.     No answer is required to the remaining allegations in Paragraph 90, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

91.     Plaintiffs admit that Curtis purports to seek declaratory relief in Paragraph 91, but deny that Curtis is entitled to such relief.

## COUNT TEN
### (Declaratory Judgment of Non-Infringement of the '789 Patent)

92.     Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

93.     Plaintiffs admit that Curtis purports to base this Counterclaim on 28 U.S.C. §§ 2201 and 2202.

94.     Plaintiffs admit that they allege, among other things, that Curtis infringes the '789 Patent.

95.     Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Curtis of the '789 Patent.  No answer is required to the remaining allegations in Paragraph 95, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

96.     Plaintiffs admit that Curtis purports to seek declaratory relief in Paragraph 96, but deny that Curtis is entitled to such relief.

## COUNT ELEVEN
### (Declaratory Judgment of Invalidity of the '789 Patent)

97.     Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

98.     Plaintiffs admit the allegations in Paragraph 98.

99.     Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Curtis of the '789 Patent.  No answer is required to the remaining allegations in Paragraph 99, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

100.    No answer is required to the remaining allegations in Paragraph 100, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

101.    Plaintiffs admit that Curtis purports to seek declaratory relief in Paragraph 101, but deny that Curtis is entitled to such relief.

**COUNT TWELVE**
**(Declaratory Judgment of Non-Infringement of the '516 Patent)**

102.    Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

103.    Plaintiffs admit that Curtis purports to base this Counterclaim on 28 U.S.C. §§ 2201 and 2202.

104.    Plaintiffs admit that they allege, among other things, that Curtis infringes the '516 Patent.

105.    Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Curtis of the '516 Patent.  No answer is required to the remaining allegations in Paragraph 105, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

106.    Plaintiffs admit that Curtis purports to seek declaratory relief in Paragraph 106, but deny that Curtis is entitled to such relief.

**COUNT THIRTEEN**
**(Declaratory Judgment of Invalidity of the '516 Patent)**

107.    Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

14

108.    Plaintiffs admit the allegations in Paragraph 108.

109.    Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Curtis of the '516 Patent.  No answer is required to the remaining allegations in Paragraph 109, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

110.    No answer is required to the remaining allegations in Paragraph 110, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

111.    Plaintiffs admit that Curtis purports to seek declaratory relief in Paragraph 111, but deny that Curtis is entitled to such relief.

**COUNT FOURTEEN**
**(Declaratory Judgment of Non-Infringement of the '107 Patent)**

112.    Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

113.    Plaintiffs admit that Curtis purports to base this Counterclaim on 28 U.S.C. §§ 2201 and 2202.

114.    Plaintiffs admit that they allege, among other things, that Curtis infringes the '107 Patent.

115.    Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Curtis of the '107 Patent.  No answer is required to the remaining allegations in Paragraph 115, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

116.     Plaintiffs admit that Curtis purports to seek declaratory relief in Paragraph 116, but deny that Curtis is entitled to such relief.

## COUNT FIFTEEN
### (Declaratory Judgment of Invalidity of the '107 Patent)

117.     Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

118.     Plaintiffs admit the allegations in Paragraph 118.

119.     Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Curtis of the '107 Patent.  No answer is required to the remaining allegations in Paragraph 119, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

120.     No answer is required to the remaining allegations in Paragraph 120, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

121.     Plaintiffs admit that Curtis purports to seek declaratory relief in Paragraph 121, but deny that Curtis is entitled to such relief.

## COUNT SIXTEEN
### (Declaratory Judgment of Non-Infringement of the '553 Patent)

122.     Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

123.     Plaintiffs admit that Curtis purports to base this Counterclaim on 28 U.S.C. §§ 2201 and 2202.

124.    Plaintiffs admit that they allege, among other things, that Curtis infringes the '553 Patent.

125.    Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Curtis of the '553 Patent.  No answer is required to the remaining allegations in Paragraph 125, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

126.    Plaintiffs admit that Curtis purports to seek declaratory relief in Paragraph 126, but deny that Curtis is entitled to such relief.

## COUNT SEVENTEEN
### (Declaratory Judgment of Invalidity of the '553 Patent)

127.    Plaintiffs hereby incorporate their answers to the allegations in the paragraphs above, and incorporate their Complaint to the extent necessary and consistent with this Answer, as if fully set forth herein.

128.    Plaintiffs admit the allegations in Paragraph 128.

129.    Plaintiffs admit that they have brought suit within this District alleging, among other things, infringement by Curtis of the '553 Patent.  No answer is required to the remaining allegations in Paragraph 129, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

130.    No answer is required to the remaining allegations in Paragraph 130, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

131.    Plaintiffs admit that Curtis purports to seek declaratory relief in Paragraph 131, but deny that Curtis is entitled to such relief.

The remainder of the Counterclaims constitutes Curtis's prayer for relief, to which no response is required.  To the extent a response is required, Plaintiffs specifically deny that Curtis is entitled to any relief whatsoever.  All allegations not specifically admitted to by Plaintiffs in this Answer are denied.

## AFFIRMATIVE DEFENSES

Plaintiffs' affirmative defenses to Curtis's state law claims are set forth below.  Plaintiffs reserve the right to amend their Answer to modify or withdraw any affirmative defense and/or assert additional defenses consistent with the facts or other information discovered in this action.

### First Affirmative Defense
### (Laches)

Curtis's Counterclaims are barred, in whole or in part, by the doctrine of laches for failure to timely assert its purported claims, which failure was unreasonable and resulted in prejudice to Plaintiffs.

### Second Affirmative Defense
### (Estoppel)

Curtis's Counterclaims are barred, in whole or in part, by the doctrine of estoppel because Curtis made representations of material fact, upon which Plaintiffs relied to their detriment.

### Third Affirmative Defense
### (Waiver)

Curtis's Counterclaims are barred, in whole or in part, by the doctrine of waiver because Curtis intentionally relinquished its known rights.

### Fourth Affirmative Defense
### (Unclean Hands)

Curtis's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands because Curtis acted in a dishonest manner with respect to the Patents in Suit.

### Fifth Affirmative Defense
### (Unjust Enrichment)

Curtis's Counterclaims are barred, in whole or in part, because granting Curtis the relief it requests would entitle Curtis to monies that it is not entitled to receive.

### Sixth Affirmative Defense
### (Failure to State a Claim)

Curtis's Counterclaims are barred, in whole or in part, because Curtis has not suffered any legally cognizable injury or damages, and therefore is not entitled to relief.

### Seventh Affirmative Defense
### (Failure to Mitigate Damages)

Curtis's Counterclaims for damages are barred, in whole or in part, because Curtis has failed to mitigate its damages.

### Eighth Affirmative Defense
### (Lack of Standing)

Curtis's Counterclaims are barred, in whole or in part, because Curtis lacks standing to assert them in this action.

### Ninth Affirmative Defense
### (Statute of Frauds)

Curtis's Counterclaims are barred, in whole or in part, by the statute of frauds because the purported contract or agreement falls within a class of contracts or agreements required to be in writing.

### Tenth Affirmative Defense
### (Anticipatory Repudiation)

Curtis's Counterclaims are barred, in whole or in part, because Curtis anticipatorily repudiated the purported express and/or implied contract by failing to pay FRAND royalties.

**Eleventh Affirmative Defense**
**(Lack of Privity)**

Curtis's Counterclaims are barred, in whole or in part, because Plaintiffs have never entered into any contractual arrangements with Curtis regarding the Patents in Suit.

**Twelfth Affirmative Defense**
**(Lack of Subject Matter Jurisdiction)**

Curtis's Counterclaims are barred, in whole or in part, because the Court lacks subject matter jurisdiction under 28 U.S.C. § 1367.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs deny that Curtis is entitled to any relief, including the relief requested by it in its Prayer for Relief.  Plaintiffs respectfully request that this Court enter judgment against Curtis and in favor of Plaintiffs:

(a)     Denying all relief requested by Curtis;

(b)     Dismissing all of Curtis's Counterclaims, with prejudice;

(c)     Declaring that Curtis has infringed U.S. Patent Nos. 7,376,184, 6,097,759, 5,606,539, 5,459,789, 5,491,516, 5,784,107, and 5,481,553;

(d)     Entering judgment against Curtis and in favor of Plaintiffs in all respects;

(e)     Awarding Plaintiffs damages adequate to compensate for Curtis's infringing activities, including supplemental damages for any post-verdict infringement up until entry of the final judgment with an accounting as needed, together with prejudgment and post-judgment interest on the damages awarded; all of these

damages to be enhanced in an amount up to treble the amount of compensatory

damages as justified under 35 U.S.C. § 284;

(f)     Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding

Plaintiffs their reasonable costs and expenses of litigation, including attorneys'

fees and experts' fees; and

(g)     Awarding Plaintiffs such other and further relief as the Court deems just and

proper.

Dated: November 1, 2013                              Respectfully submitted,

                                                     PROSKAUER ROSE LLP
                                                     2255 Glades Road, Suite 421 Atrium
                                                     Boca Raton, FL 33431
                                                     Telephone: (561) 241-7400
                                                     Facsimile:  (561) 241-7145

                                                     /s/ *Payal Salsburg*
                                                     Matthew Triggs
                                                     Florida Bar No. 0865745
                                                     mtriggs@proskauer.com
                                                     Payal Salsburg
                                                     Florida Bar No. 0057038
                                                     psalsburg@proskauer.com

                                                     PROSKAUER ROSE LLP
                                                     Steven M. Bauer (*pro hac vice*)
                                                     Justin J. Daniels (*pro hac vice*)
                                                     One International Place
                                                     Boston, MA 02110
                                                     Telephone: 617-526-9600
                                                     Facsimile:  617-526-9899

                                                     *Attorneys for Plaintiffs*

## Certificate of Service

I hereby certify that on this 1st day of November, 2013 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Payal Salsburg*

**SERVICE LIST**

LOTT & FISCHER
Ury Fischer
Adam Diamond
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134-1098
Telephone: 305-448-7089
Facsimile: 305-446-6191
*Attorneys for Defendants Craig Electronics Inc.*
*and ViewSonic Corp.*

PERKINS COIE LLP
Christopher Kao
David J. Tsai
Four Embarcadero Center, Suite 2400
San Francisco, California  94111-4131
Telephone: 415.344.7068
*Attorneys for Defendant ViewSonic Corp.*

MCKOOL SMITH
Scott W. Hejny
Michael P. Fritz
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: 214-978-4000

-and-

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON
Samuel Olds Patmore
Jay Brian Shapiro
Museum Tower
150 W. Flagler Street, Suite 2200
Miami, FL 33130
Telephone: 305-789-3200
Fax: 305-789-2647
*Attorneys for Defendant Curtis Intl Ltd.*

ASTIGARRAGA DAVIS MULLINS &
GROSSMAN
Edward Maurice Mullins
Regan Noelle Kruse
701 Brickell Avenue, 16th Floor
Miami, FL 33131-2847
Telephone: 305-372-8282

-and-

KILPATRICK TOWNSEND &
STOCKTON, LLP
Matias Ferrario
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: 336-607-7300
mferrario@kilpatricktownsend.com
*Attorneys for Defendant Motorola Mobility LLC*